Brown v. Armfield.

---

## BROWN ET AL. *v.* ARMFIELD ET AL.

[No. 19,282.   Filed June 21, 1900.]

APPEAL AND ERROR.—*Record.—Precipe.—Bill of Exceptions.—Certificate.*—Where the clerk was directed by precipe to prepare a transcript of the proceedings and of certain papers and motions to be used on appeal to the Supreme Court, without direction to certify any bill of exceptions, a bill of exceptions containing the evidence embraced in the transcript is not properly a part thereof, and is not identified or covered by the clerk's certificate authenticating the papers named in the precipe.

From the Hendricks Circuit Court.   *Affirmed.*

*Thomas J. Cofer* and *L. A. Barnett,* for appellants.
*T. S. Adams* and *S. A. Enlow,* for appellees.

Brown *v.* Armfield.

MONKS, J.—The only error assigned and not waived is that the court erred in overruling appellants' motion for a new trial. All the causes assigned for a new trial depend for their determination upon the evidence.

Appellants (under §661 Burns 1894, §649 R. S. 1881 and Horner 1897) directed the clerk "to prepare and certify full, true, and complete transcript of the proceedings, and of the following papers, to wit, original complaint, third paragraph of complaint as amended, motion to make third paragraph of complaint more specific, demurrers to each paragraph of complaint, answer and cross-complaint, decree and motion for a new trial of this cause, in this cause to be used on appeal to the Supreme Court."

Only such papers and entries as are embraced in the precipe are properly a part of the record on appeal. *Allen* v. *Gavin,* 130 Ind. 190; *Reid* v. *Houston,* 49 Ind. 181. The certificate of the clerk to the transcript recites that the same "contains full, true, and complete copies of all the papers ordered transcribed, and entries in said cause." It will be observed that the precipe contains no direction to the clerk to certify any bill of exceptions, and that the certificate of the clerk only authenticates the papers named in the precipe. It is evident, therefore, that what purports to be a bill of exceptions containing the evidence, embraced in the transcript, is not properly a part thereof and is not identified or covered by the clerk's certificate, and cannot therefore be considered by us. *Allen* v. *Gavin, supra; Reid* v. *Houston, supra;* Ewbank's Manual, §§10, 115.

Finding no available error in the record the judgment is affirmed.

Hadley, J., took no part in the decision of this cause.