McCaslin *v.* Advance Mfg. Co.

McCaslin, Trustee, *v.* Advance Manufacturing Company et al.

[No. 18,798.    Filed October 5, 1900.]

Appeal.—*Precipe.*—*Transcript.*— A bill of exceptions not mentioned in appellant's precipe, as provided by §649 Horner 1897, is no part of the record, even if copied into the transcript and certified by the clerk, and cannot be considered on appeal.  *p. 299.*

Same.—*Motion to Correct Record.*—*Review.*—A ruling on a motion to correct a record will not be reversed on appeal where the bill of exceptions does not contain all the evidence introduced on the trial of such motion.  *pp. 299, 300.*

Same.—*Nunc Pro Tunc Entry.*—*Oral Evidence.*—Oral evidence alone is not sufficient to authorize the correction of a record.  *p. 300.*

Mortgages.—*Priority.*—M. sold to A. certain real estate on which was located a factory building, the purchaser agreeing to assume the payment of a mortgage thereon; one of the requirements of such mortgage being that the property should be kept insured for the benefit of the mortgagee. The purchaser gave to M. a mortgage for a portion of the purchase money, in which there was a provision authorizing the purchaser to pay off the first mortgage and place a new mortgage on the property for the same sum, which should be prior to the purchase-money mortgage executed to M.    Afterwards the building burned, and the first mortgage was paid from the proceeds of the insurance.    Thereafter A. mortgaged the property to D. for a sum equal to the amount of the first mortgage, and used the proceeds thereof in the erection of new buildings.    After the fire, and before the mortgage to D. was executed, M. began suit and filed *lis pendens* notice.  *Held,* that D's mortgage was prior and superior to that of M.  *pp. 300-305.*

Same.—*Insurance for Benefit of Mortgagee.*—A provision in a mortgage that the mortgagor shall keep the buildings on the real estate covered by the mortgage insured for the benefit of the mortgagee, "to the amount of —— thousand dollars" is incomplete, and does not bind the mortgagor to insure the property for any amount.  *p. 305.*

New Trial.—*Special Finding.*—The fact that some of the findings made by the court are not sustained by sufficient evidence is no ground for a new trial, if such findings are not necessary to sustain the conclusions of law.  *p. 305, 306.*

Appeal.—*Record.*—The party asserting that a ruling of the trial court is erroneous must cite the page and line of the record containing such ruling.  *p. 306.*

McCaslin *v.* Advance Mfg. Co.

APPEAL.—*New Trial.—Affidavits Not in Record.*—Alleged error in denying a motion for a new trial will not be considered on appeal where the affidavits in support of such motion are not in the record. *p. 306.*

From the Marion Superior Court. *Affirmed.*

*A. B. Clark, C. W. Means* and *J. W. Claypool,* for appellant.

*Robert Denny* and *G. W. McDonald,* for appellees.

MONKS, J.—This action was brought by appellant against appellees to declare the lien of a mortgage held by appellant on certain real estate of the Advance Manufacturing Company to be prior and superior to the lien of a mortgage held by appellee Denny, trustee, on the same real estate.

The court made a special finding of facts and stated conclusions of law thereon in favor of appellees, and, over a motion for a *venire de novo,* and a motion for a new trial, judgment was rendered in favor of appellees.

The errors assigned call in question the conclusions of law, the action of the court in overruling the motion for a new trial, the motion for a *venire de novo,* and the motion to correct the record.

Appellant first insists that the court erred in overruling his motion to correct the record. A copy of said motion appears in what purports to be appellant's bill of exceptions number three, which is copied into the transcript. Said bill of exceptions number three, so copied into the transcript also shows the ruling of the court on said motion, appellant's exceptions thereto, and certain evidence to sustain the same.

Appellant filed a precipe, as provided in §661 Burns 1894, §649 R. S. 1881 and Horner 1897, and designated what papers and entries the clerk should certify to this court. Only such papers and entries as are mentioned in said precipe are properly a part of the record on appeal. Any paper or entry not mentioned in such precipe is no part of the record, even if copied into the transcript and certified by the clerk, and cannot therefore be considered

on appeal. *Brown* v. *Armfield, ante,* 150; *Allen* v. *Gavin,* 130 Ind. 190; *Reid* v. *Houston,* 49 Ind. 181. The precipe directed the clerk to certify "plaintiff's (appellant's) bill of exceptions number two and plaintiff's (appellant's) bill of exceptions number three and they are copied into the transcript, but appellant's bill of exceptions number three is not mentioned in said precipe. It follows, therefore, under the rule stated, that said bill of exceptions number three, though copied into the transcript, forms no part of the record, and the matters set forth therein cannot be considered on this appeal. But if said bill of exceptions was properly a part of the record, as the same does not show affirmatively that it contains all the evidence given on the trial of said motion, we cannot say that the court erred in overruling the same. §823 Elliott's App. Proc.

Moreover, if said bill of exceptions affirmatively showed that it contained all the evidence given on the hearing of said motion, we would be compelled to hold that the motion was properly overruled, for the reason that the only evidence set forth in said bill to sustain said motion was oral, which, under the long and well settled rule in this State, is not sufficient to authorize the correction of a record. *Driver* v. *Driver,* 153 Ind. 88, and cases cited.

Appellant next insists that the conclusions of law are erroneous. It appears from the special finding that appellant, on April 13, 1894, sold and conveyed to the Advance Manufacturing Company certain real estate, upon which was located a furniture factory, for a consideration mentioned in the deed of $22,850. Said deed was made subject to the taxes of 1894, and a mortgage to DePauw University for $8,000, which said grantee assumed and agreed to pay as a part of said consideration for said conveyance. Said sale and consideration included, in addition to the real estate, lumber, and other material, machinery and appliances then upon and connected with said real estate, used in the manufacture of furniture. On the day of said sale and

conveyance, the grantee paid $5,000 in cash to appellant, and executed to him as the balance of the consideration therefor ten promissory notes for the aggregate sum of $9,850, nine of said notes being for $1,000 each, and payable respectively in one, two, three, four, five, six, seven, eight, and nine years, and one for $850, payable within ten years after said date; and to secure the payment of said notes, executed a mortgage to appellant upon said real estate. In said mortgage the mortgagor agreed to keep the buildings on said real estate "insured for the benefit of the mortgagee and the DePauw University, as their interest may appear, to the amount of ——— thousand dollars." The mortgage in favor of the DePauw University contained a clause requiring that said property be kept insured for its benefit, to the amount of $10,000. The mortgage to appellant provided that the "mortgagors can pay off the mortgage to DePauw University, and place another mortgage for a like amount on said real estate, which mortgage shall be prior to the lien of this mortgage". Said clause was the material part of the inducement and consideration conceded by appellant, the mortgagee, to, and demanded and accepted by the mortgagor, in the purchase of said property. When said sale was made, and deed and mortgage executed, the debt secured by the mortgage to DePauw University was past due, and by its terms liable to be foreclosed. Upon the consummation of said sale, the Advance Manufacturing Company entered into possession and commenced to operate said plant, in the manufacture of furniture, and continued so to operate the same until August 2, 1894, when the same was, to a large extent, destroyed by fire. When said fire occurred, the Advance Manufacturing Company was carrying insurance on the buildings and machinery, and all fixtures, apparatus, tools, and implements, used in connection with the business of the manufacture of furniture, and finished and unfinished stock, lumber, and materials in use in said plant, to the amount of $22,700 in

favor of the DePauw University and appellant, as their interests might appear. Said Advance Manufacturing Company realized from insurance on property covered by said mortgages something over $10,000. Out of the whole amount of insurance, including that on property not covered by said mortgages, received in the adjustment of the losses caused by said fire, the mortgage debt to DePauw University, amounting to $8,496, was fully paid, and payments were made on the indebtedness secured by the mortgage to appellant, amounting to $6,860.49, leaving only $2,989.51 of the principal unpaid, no part of which balance will become due prior to May, 1901. On December 31, 1894, after said payments had been made, and before any buildings had been reconstructed, or machiney replaced, but after this suit had been commenced by appellant and *lis pendens* notice filed, said Advance Manufacturing Company executed a mortgage on said real estate, covered by appellant's mortgage, to appellee, Robert Denny, as trustee, to secure the sum of $8,000, said indebtedness to become due, eighteen months after December 31, 1894. All of said sum of $8,000, and about $2,700 more, making in all about $10,700, was used by said Manufacturing Company in the construction of new buildings in the place of those destroyed by fire, and in the reconstruction of buildings not entirely destroyed, and in purchasing new machinery properly to equip said plant for the manufacture of furniture. That the buildings now upon said real estate are worth as much as were all the buildings on said ground, prior to, and at the time of the fire. The machinery now in said plant, including boilers, engine, pumps, belting, shafting, pulleys, piping, and machines, in the aggregate, are worth as much as was the like machinery in the plant, prior to and at the time of the fire. That the ground covered by appellant's mortgage is of greater value, than when sold by appellant to said company, but not of a value equal to the debt of said company to appellant. That said plant can pro-

duce as much furniture in a given time, with the same labor, as the plant mortgaged to appellant, and is of equal rental value. That the same as a whole is as valuable as the plant mortgaged to appellant.

The plant as now constructed is insured for $5,500, being payable to Robert Denny, trustee, and appellant. That said manufacturing company fully kept and performed the obligations it assumed, concerning the insurance upon the property contained in the mortgage executed to appellant. That the payment of the balance of the indebtedness due appellant is as well and fully secured as was the payment thereof prior to and at the time said fire occurred. In December, 1894, after said fire, and before the erection of the buildings on said real estate, appellant commenced this action, and at the same time filed a *lis pendens* notice in the office of the clerk of Marion county. The owners and holders of the notes secured by said mortgage to Denny, trustee, were, at the time of the execution thereof, stockholders and officers of said Advance Manufacturing Company. Said Denny, trustee, was at said time, and for some time prior thereto had been the attorney for said company, and had full knowledge of the facts herein stated.

Upon the facts found, the court stated conclusions of law in favor of appellees, to the effect "that the mortgage executed to Denny, trustee, is a valid lien on the property therein described, and is prior and superior to the lien of the mortgage executed to appellant." As appellant commenced this action to enjoin the execution of the mortgage to Denny, trustee, and after said mortgage was executed filed a supplemental complaint to declare his mortgage a lien on said real estate, prior and superior to the mortgage to Denny, trustee, the burden of proof was upon him. Unless the facts found show that appellant's mortgage is a prior lien on said real estate, the conclusions of law are not erroneous. It is settled law that the holder of a mortgage may waive the prior lien of his mortgage, by an agreement

that if another mortgage is subsequently executed it shall be the first lien on the mortgaged real estate. 1 Jones on Mort., §608; *Walters* v. *Ward,* 153 Ind. 578, 582.

The court found that the provision in appellant's mortgage for the execution of another mortgage on the payment of the mortgage to DePauw University, and that the same should be a lien on said real estate prior and superior to appellant's mortgage, was the material part of the inducement and consideration for the purchase of said real estate from appellant. There was, therefore, sufficient consideration to support said provision. Appellant urges, however, that said agreement contemplated the continued existence of the buildings and machinery covered by said mortgages, and that after their partial destruction by fire the same was not binding upon him. It has been held that, when the performance of a contract depends upon the continued existence of a thing, or such continued existence was assumed as the basis of the agreement, the destruction of the thing puts an end to the obligation. 7 Am. & Eng. Ency. of Law, (2nd ed.) 115, 116, and cases cited; 1 Beach on Contracts, §773; *Wells* v. *Calnan,* 107 Mass. 514, 9 Am. Rep. 65; *Powell* v. *Dayton, etc., R. Co.,* 12 Ore. 488. To what extent this doctrine, if correct, applies in this case, we need not determine, for the reason that it cannot be said that the agreement in regard to the new mortgage contemplated the continued existence of the buildings and machinery covered by appellant's said mortgage. All that appellant was interested in when he took his mortgage was that his security should not be materially impaired, that is, it should be kept substantially as good as when he accepted said mortgage subject to the mortgage to DePauw University. Even if it would be proper to hold that the parties, when said provision was made in appellant's mortgage, contemplated that the buildings and machinery, if destroyed or damaged by fire, should be so far repaired or replaced by other buildings and machinery that appellant's security would be sub-

stantially as good as it would have been if the fire had not occurred, a question we need not and do not decide, the conclusions of law are not erroneous. The balance of the indebtedness secured by said mortgage to appellant, after the payment of $6,850.49 thereon after the fire, was $2,989.51, and the facts found by the court clearly show, and the court so found, that it is as well and fully secured as it was before and at the time of the fire. It is unnecessary, therefore, to decide as to the correctness of said conclusions, if the facts found had shown that no buildings had been erected or repaired since the fire, or, if erected, that the plant was worth materially less than before the fire.

Appellant earnestly insists that the evidence was not sufficient to sustain the special findings. That insuring the buildings and machinery on said real estate for $5,500, at the time of the execution of the mortgage to Denny, trustee, was not a compliance with the agreement contained in appellant's mortgage to keep the buildings on said real estate insured. The part of appellant's mortgage in regard to insurance provides that the "mortgagor —— will keep the buildings thereon insured for the benefit of the mortgagees and the DePauw University, as their interest may appear, to the amount of —— thousand dollars." The blank before the word thousand not being filled, so as to show how many thousand dollars insurance was to be carried, whether one or more, said provision is incomplete. Appellant's mortgage, therefore, contains no agreement requiring the manufacturing company to insure said property for any amount. *Palmer* v. *Poor,* 121 Ind. 135, 6 L. R. A. 469; *Wiltfong* v. *Schafer,* 121 Ind. 264. See, also, *Coleman* v. *Coleman,* 78 Ind. 344, 347-349. But even if it could be construed to require said company to insure said property for $1,000, the insurance for $5,500, payable to Denny, trustee, and appellant, is a sufficient performance of the same. We have read the evidence, and, while conflicting,

the same fully sustains all the findings of the court, which are necessary to sustain the conclusions of law.  The fact that some of the findings made by the court are not sustained by sufficient evidence does not entitle appellant to a new trial if such findings are not necessary to sustain the conclusions of law.

It is urged that the court erred in admitting certain testimony, but as the page and line of the record where said ruling, if any, appears, is not stated by appellant, the court, under a long established rule, will not search for the same. Ewbank's Manual, §183, p. 277; *State* v. *Winstandley,* 151 Ind. 495, 501, 502, and cases cited.

An affidavit was filed in support of certain causes assigned for a new trial.  It is the law that unless such affidavits are made a part of the record, in a civil case, by a bill of exceptions, or order of court, said causes for a new trial cannot be considered.  *Hoskinson* v. *Cavender,* 143 Ind. 1, 2, and cases cited.  *Forsyth* v. *Wilcox,* 143 Ind. 144; Ewbank's Manual, §50, p. 76.  The court did not err in overruling appellant's motion for a new trial.

It is claimed by appellant that the special findings are so vague, uncertain, and defective on their face that no judgment can be rendered thereon, and that the court, therefore, erred in overruling his motion for a *venire de novo.* If the special findings are sufficient to support the conclusions of law, or to form the basis of a judgment on the issues involved, said motion was properly overruled.   2 Woolen's Trial Proc. §4206.  Disregarding all evidentiary facts, and the findings without the issues, the special findings are not contradictory, vague, or uncertain, but are clearly sufficient to sustain the conclusions of law.  It is evident, therefore, from what has been said concerning the correctness of the conclusions of law, and the motion for a new trial, that the court did not err in overruling said motion for a *venire de novo.*

Finding no available error in the record, the judgment is affirmed.