## HOLLIS ET AL. v. ROBERTS.

[No. 3,081.   Filed October 31, 1900.]

PLEADING.—*Answer.*—*Demurrer.*—A demurrer to an answer in bar because "it does not state facts sufficient to constitute a cause of action" presents no question.  *p. 427.*

APPEAL AND ERROR —*Record.*—Where the record fails to show that the trial court made any ruling upon a demurrer to a pleading, no question is presented.  *p. 427.*

SAME.—*Record.*—*Precipe.*—Where the record purports to contain such parts of the proceedings as were ordered by the precipe, only such entries and papers as are embraced in the precipe are properly parts of the record, and, in the absence of the precipe, the record in such case cannot be considered.  *p. 427.*

From the Madison Circuit Court.  *Affirmed.*

*G. A. Dentler,* for appellants.

*J. M. Hundley, W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellee.

Robinson, C. J.—A demurrer to an answer in bar because "it does not state facts sufficient to constitute a cause of action" presents no question.

Where the record fails to show that the trial court made any ruling upon a demurrer to a pleading, no question is presented.

Appellants' complaint avers that William Hollis died the owner of certain lands, leaving Matilda Hollis, who was a childless second wife, and appellants as his heirs; that the lands were partitioned and a portion set off to Matilda Hollis for life, which portion she conveyed to appellee; appellee then leased the lands for one year from March 1, 1895, to March 1, 1896, to Calvin Jones, for $200, for which Jones gave his note payable September 1, 1895; that appellee indorsed the note for collateral security to a bank, and on August 31, 1895, Jones paid the note to the bank; that appellants did not come into possession of the land during the term of the lease; that Matilda Hollis died June 12, 1895; that the portion of the rent that accrued after June 12, 1895, is due appellants and unpaid.

The motion for a new trial, on the ground that the court's finding is contrary to the evidence and the law, was properly overruled. The only evidence in the case was that introduced by appellants, and it fails to sustain the complaint. Upon the evidence the judgment of the court was right.

The judgment must be affirmed for another reason. The clerk certifies "the above and foregoing to be a true, full, and complete copy of the papers, rulings and entries in the above entitled cause as ordered by the precipe filed by the attorneys in the above entitled cause, which papers, rulings, and entries are now on file at this office". But the precipe is not appended to the transcript as the statute requires. §661 Burns 1894. Only such entries and papers as are embraced in the precipe are properly parts of the record. In the absence of the precipe it can not be known what entries and papers are properly in the record. *Allen* v. *Gavin,*

130 Ind. 190; *McCaslin* v. *Advance Mfg. Co.*, 155 Ind. 298; *Brown* v. *Armfield*, 155 Ind. 150; *Reid* v. *Houston*, 49 Ind. 181. Judgment affirmed.