## FISH ET AL *v.* HETHERINGTON & BERNER.

[No. 8,978. Filed April 27, 1916.]

1. APPEAL.—*Assignment of Errors.*—*Insufficiency of Complaint.*— Under §348 Burns 1914, Acts 1911 p. 415, an assignment of error challenging the sufficiency of a complaint is unavailable. p. 647.
2. APPEAL.—*Briefs.*—*Questions Presented.*—Where appellant in the preparation of his brief fails to comply with the rules requiring separately numbered propositions or points to be set out under a separate heading of each error relied on, no question is presented. p. 647.
3. APPEAL.—*Transcript.*—*Precipe.*—*Certificate of Clerk.*—*Review.*— Where the precipe directed the clerk to prepare a transcript of the amended complaint, the cross-complaint and all pleadings filed, and to insert the original bill of exceptions, and the clerk's certificate, even if deemed sufficient for any purpose, at most purported to certify that the transcript contained full and true entries in the cause as required by the precipe, copies of the judgment and

motions for new trial and the rulings thereon, not being called for by the precipe nor included in the certificate, were no part of the record though copied therein, and hence no question was presented by alleged error in overruling the motion for a new trial.　pp. 647, 648.

4. APPEAL.—*Transcript.—Necessity for Written Precipe.*—Under §690 Burns 1914, §649 R. S. 1881, providing that upon request of the appellant the clerk shall make a transcript of the record, "or so much thereof as the appellant, in writing, directs", etc., a written precipe is not required where a complete transcript is desired.　p. 648.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by Hetherington & Berner against George T. Fish and others.　From a judgment for plaintiff, the defendants appeal.　*Affirmed.*

*Charles B. Clarke, Walter C. Clarke, Frank J. Lahr, Joseph B. Kealing* and *Martin Hugg,* for appellants.

*Charles O. Roemler* and *H. O. Chamberlin,* for appellee.

HOTTEL, J.—On December 5, 1912, appellee filed its complaint in the Marion Superior Court to recover for material furnished and placed in a theatre building on North Illinois Street in the city of Indianapolis, and to foreclose a mechanic's lien on such building and the lot on which it was located.　Such proceedings were had that the cause was venued to the Morgan Circuit Court and the issues were there closed, trial had, and a finding returned in favor of appellee.　Each of the appellants, except Halstead-Moore Company, filed a separate motion for new trial which was overruled and judgment rendered on the finding.　The appellants separately rely upon the following errors for reversal:　(1) The complaint of the appellee does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling this appellant's motion for a new trial.

.The amendment of §348 Burns 1908, §343 R. S.
1881, makes the first assigned error unavailable. §348
Burns 1914, Acts 1911 p. 415. *Pittsburgh, etc., R. Co.*
v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287,
108 N. E. 108; *Combs* v. *Combs* (1914), 56 Ind.
App. 656, 105 N. E. 944. The second
assigned error presents no question for either
of two reasons, viz.: (1) Appellants in the
preparation of their brief have failed to
comply with the rules of the court requiring
them to set out *"under a separate heading
of each error relied on,* separately numbered propo-
sitions or points." *Cleveland, etc., R. Co.* v. *Ritchey*
(1916), 185 Ind. ——, 111 N. E. 913; *Palmer* v.
*Beal* (1915), 60 Ind. App. 208, 110 N. E. 218, and
cases cited. (2) The record, although purporting to
contain a copy of the judgment, the several
motions for a new trial, and the exceptions
to the various rulings challenged, is defec-
tive in that such judgment, motions and excep-
tions are not covered by, or included in, the clerk's
certificate to the transcript of the record filed in
this court. Appellants' precipe for such trans-
cript reads as follows: "You will please make out
a transcript for appeal to the Appellate Court of
Indiana, of the amended complaint, the cross-
complaint and all pleadings filed to, or addressed
to the amended complaint or cross-complaint or
answers. You will please insert in said trans-
cript the original bill of exceptions without copy-
ing." The clerk's certificate reads as follows: "I,
William H. Payne, clerk of the Morgan Circuit
Court within and for said county and state, do
hereby certify that the above and foregoing trans-
cript contains full, true and entries in said cause
required by the above and foregoing precipe, and
the original bill of exceptions No. 1 containing

.the long-hand transcript of the evidence." The law does not require a written precipe for a transcript in all cases where a complete transcript is desired, but does provide that "Upon the request of the appellant $*$ $*$ $*$ the clerk shall forthwith make out $*$ $*$ $*$ a transcript of the record in the cause, *or so much thereof as the appellant, in writing, directs,* certified and sealed, to which shall be appended the written directions of the appellant above contemplated, if any." §690 Burns 1914, §649 R. S. 1881. See also §667 Burns 1914, Acts 1903 p. 338, §7. The clerk's certificate is so defective that it is questionable whether it is sufficient for any purpose; but, at most, it only purports to certify that such transcript "contains full and true entries in said cause required by the above and foregoing precipe and the original bill of exceptions No. 1 containing the evidence." Inasmuch as such certificate is limited to the entries called for or required by the precipe, it follows, as a matter of course, that any entry, judgment, motion, or ruling found in the record, but not required by such precipe is not covered by or included in such certificate and must be disregarded. *Scott* v. *Lafayette Gas Co.* (1908), 42 Ind. App. 614, 86 N. E. 495; *Brown* v. *Armfield.* (1900), 155 Ind. 150, 57 N. E. 722; *East* v. *Amburn* (1911), 47 Ind. App. 530, 535, 94 N. E. 895, and cases cited; Ewbank's Manual §§10, 115. It will be observed that such precipe does not call for, or require, a copy of the judgment, the motions for a new trial, the ruling on such motions, or the exceptions thereto, and hence not being properly authenticated must be disregarded. See cases, *supra.* The record as presented by appellants' brief showing no available error, the judgment below is affirmed.

Note.—Reported in 112 N. E. 391.