## LATERZO *v.* MUICH.

[No. 14,472. Filed September 29, 1932.]

*Nick Valasina* and *George P. Rose,* of counsel, for appellant.

*Draper & Draper,* for appellee.

WOOD, C. J.—The Gary Lumber Company brought suit against the appellee to foreclose a mechanic's lien against real estate, and the building located thereon, for material furnished in the erection of said building. The appellant was made a party defendant to this proceeding. He filed a cross-complaint in the proceeding, making the appellee a party defendant thereto. From the briefs of counsel it appears that appellee filed an answer in nine paragraphs to appellant's cross-complaint. The first paragraph of this answer was a general denial; the remainder of the paragraphs pleaded affirmative matter. The fifth, sixth and ninth paragraphs of this answer were each designated as, and possessed some of the characteristics of, a cross-complaint. The briefs do not disclose whether any reply was filed to these affirmative paragraphs of answer.

From the briefs of counsel we are further informed that the appellee, sometime during the litigation between the parties to this appeal, filed a complaint against the appellant to recover judgment on two promissory notes alleged to have been executed by appellant to appellee. To this complaint appellant filed a verified answer in general denial, and a second paragraph of payment. Whether there was a reply filed to this second paragraph of answer does not appear. Upon motion of appellant the cause of action against appellee, contained

in appellant's cross-complaint, and the cause of action against appellant on the notes were consolidated for trial and were tried together. The court found against the appellant on his cross-complaint, and in favor of the appellee on his cross-complaint against appellant, rendering judgment in accordance therewith. Appellant filed a motion for a new trial, which was overruled, which ruling is assigned as error in this appeal.

In the consideration of this cause we are first confronted with the contention of appellees that the record presents no question to this court for its consideration.

As provided by Acts 1903, p. 338, Sec. 692 Burns 1926, appellant filed with the clerk of the court below his written praecipe requesting that he prepare and certify certain parts of the record for the purpose of appeal. The praecipe, omitting the formal parts, is as follows: "TO THE CLERK: Please prepare and certify the following documents and papers: the answer and cross-complaint of Rocco Laterzo; the complaint of Tom Muich; the motion to consolidate cause; the general bill of exceptions containing the evidence; the motion for new trial; the judgment of the court; the order denying the motion for new trial; to be used in an appeal to the Appellate Court of Indiana in the case entitled *Rocco Laterzo, Appellant, v. Tom Muich, Appellee.*"

The praecipe did not direct the clerk to incorporate in the transcript, and certify to this court as a part of the record of the cause, a copy of the answer and cross-complaint filed by appellee to the cross-complaint of appellant, or the answer of appellant to the complaint of appellee. In order to present questions to this court for its decision by an assignment of error, the pleadings forming the basis of the cause must be properly included in the record; without them it is impossible to determine the rights of the parties. *Lawrence*

v. *Oliver Typewriter Co.* (1912), 51 Ind. App. 434, 99 N. E. 809, and authorities there cited.

"It seems to be the established rule in this state that when a written praecipe is filed 'only such papers and entries as are mentioned in said praecipe are properly a part of the record on appeal. Any paper or entry not mentioned in said praecipe is no part of the record, even if copied with the transcript and certified by the clerk, and cannot, therefore, be considered on appeal.' " *King* v. *Hoover* (1914), 57 Ind. App. 558, 105 N. E. 172; *Fish* v. *Hetherington & Berner* (1916), 61 Ind. App. 645, 112 N. E. 391.

All the pleadings necessary to a proper determination of this appeal not being properly in the record, no question is presented for our determination, and this cause is affirmed.