SMITH ET AL. *v.* SWITZER ET AL.

[No. 26,361. Filed July 29, 1933.]

*L. D. Hall* and *Don Vanderveer,* for appellants.

*Mehl & Mehl* and *Harman & Wider,* for appellees.

TREANOR, J.—This is an appeal from a finding and judgment for defendants entered at the conclusion of

appellants' evidence on the trial of appellants' petition to vacate and set aside a sale of and deed for certain real estate made to appellee Switzer by appellee Carlin as receiver of the Haynes Realty Company, owner of the real estate sold, which consisted of an office building and garage in the city of Elkhart. The petition alleged fraud on the part of the defendants with respect to the amount for which the real estate was to be and was sold and with respect to the manner and time of making the sale, whereby the petitioners were prevented from bidding at the sale and the appellee Switzer became the successful bidder for $226,000.00, alleged to be far below its actual value, resulting in total loss to all holders of 2nd and 3rd mortgage bonds, including petitioners. It was also alleged that "the petitioners and other holders of said second and third mortgage bonds decided upon and intended to bid the sum of $300,000.00 therefor; they delegated to Vincent Switzer, attorney in fact for George Switzer, to bid that amount therefor at said sale for the holders of said 2nd and 3rd mortgage bonds and were then and are now ready, able and willing to purchase said Haynes Building on the terms of the order of sale for $300,000.00."

Appellees filed answers in general denial and trial was had by the court without a jury. At the conclusion of the petitioners' evidence the defendants moved for finding in their favor, reserving the right, in case of the overruling of their motion, to introduce and offer evidence in defense. The trial court sustained appellees' motion and the appellants filed motion for new trial which was overruled. The sustaining of appellees' motion for finding and judgment presents on appeal the question as to whether the finding was sustained by sufficient evidence.

Appellees contend that this court has no jurisdiction of this cause for the reason that appellants have failed to make all the parties to the action below parties on appeal. It appears from the record that the petition to set aside and vacate the sale and deed was filed on behalf of 14 parties, three of whom are appellants here, and that appellant Krull asked and was granted permission to be made a party plaintiff to the petition. The other 11 parties in whose behalf the petition was filed are not parties to this appeal which is a term time appeal. It further appears that the trial court rendered judgment in favor of the defendants and against all the parties on whose behalf the petition was filed. Section 706, Burns Ann. Ind. St. 1926, Acts 1895, p. 179, authorizes "any number of co-parties against whom a judgment has been taken" to prosecute a term time appeal from such judgment to the Supreme or Appellate Court without making other co-parties not appealing parties to the appeal. *Rockey* v. *Hershman* (1923), 193 Ind. 168, 176, 138 N. E. 339; *H. C. Smith Coal Co.* v. *Finley* (1921), 190 Ind. 481, 486, 131 N. E. 5; *Owen County Council* v. *State ex rel.* (1911), 175 Ind. 610, 95 N. E. 253; *Ward* v. *Yarnell* (1910), 173 Ind. 535, 91 N. E. 7; *Pein* v. *Miznerr* (1908), 170 Ind. 659, 84 N. E. 981.

Appellees next contend that no question of evidence has been presented on this appeal for the reason that appellants' preacipe did not request a complete transcript. It appears from the transcript in the instant case that appellants' bill of exceptions containing the evidence was signed, ordered filed and filed on February 11, 1931, and that on February 16, 1931, the following preacipe was filed with the clerk of the Elkhart Circuit Court:

"IN THE ELKHART CIRCUIT COURT.

February Term, 1931.

"State of Indiana, ⎱ ss:
 Elkhart County ⎰

"George W. Switzer                    Cause No. 18299.

   vs.

Haynes Realty Company,
   a corporation.

"Preacipe for Transcript of Entire Record on Petition to Set Aside Receiver's Sale and Deed of Real Estate, by Louis F. Smith et al.

"The clerk is directed to prepare and certify for use on appeal to the appellate court a transcript of all papers filed in said cause, all orders and rulings, and the judgment therein rendered," which precipe was signed by the appellants herein and attorneys for petitioners below.

While a liberal construction will be given the preacipe (*Allen* v. *Gavin, Admr.* [1891], 130 Ind. 190, 29 N. E. 363) it is well settled that where the appellant does not desire a complete transcript of the record he shall "indicate in the preacipe the parts of the record desired" (§692, Burns etc., 1926, Acts 1903, p. 338, §7), and if the preacipe calls for less than the entire record this court will not consider parts of the record not called for by the preacipe even though they are included in the transcript. *Workman* v. *State ex rel.* (1905), 165 Ind. 42, 73 N. E. 917; *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298, 58 N. E. 67; *Brown* v. *Armfield* (1900), 155 Ind. 150, 57 N. E. 722; *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451. But this court has held that where the transcript affirmatively shows the signing and filing of the bill of exceptions such bills of exceptions will be considered as a "paper filed in said cause."

"A bill of exceptions, including the long-hand manuscript of the evidence, made a part of it when filed, is clearly a paper in the cause." *Hull* v.

*Louth, Guardian* (1887), 109 Ind. 315, 336, 10 N. E. 270, 58 Am. Rep. 405.

We hold that the bill of exceptions containing the evidence was included in the preacipe calling for a transcript of "all papers filed in the cause."

Appellees' motion for a finding and judgment challenged the evidence introduced by appellants on the ground that it was not sufficient to sustain a verdict in appellants' favor. In *Kessler* v. *City of Indianapolis* (1927), 199 Ind. 420, 157 N. E. 547, 53 A. L. R. 1, the cause was tried by the court and the defendant, at the conclusion of plaintiff's evidence, made a motion for judgment for defendant. This court considered "such a motion was in the nature of a demurrer to the evidence and that the court in considering it should have considered only the evidence tending to sustain the complaint." We approve the following statement of the rule found in *Abernathy* v. *McCoy* (1926), 91 Ind. App. 574, 154 N. E. 682:

> "It seems to be well settled by the authorities that such a motion—a motion for a finding and judgment in favor of the moving party—operates, or has the same effect, as a demurrer to the evidence of the adverse party; it has the same effect, and is governed by the same rules, as a motion interposed by a defendant, under the old practice, that the plaintiff suffers a nonsuit. *First Nat. Bank* v. *Northwestern Bank* (1894), 152 Ill. 296, 38 N. E. 739, 26 L. R. A. 289, 43 Am. St. Rep. 247. It is tested by the same rules of law as is a request for a peremptory instruction to a jury; it presents to the court for decision the single question whether or not evidence introduced in behalf of the plaintiff, assuming it to be true, and considering as proved all facts which the evidence proves, or by legitimate inference tends to prove, establishes the plaintiff's case as laid. *Reeves* v. *Jackson* (1899), 113 Ga. 182, 38 S. E. 314; *Later* v. *Haywood* (1906), 12 Idaho 78, 85 Pac. 494. The plaintiff is entitled to have drawn all inferences of fact which a jury might draw from the evidence adduced. *Lee* v. *Knapp & Co.* (1897), 137 Mo. 385, 38 S. W. 1107;

*McCabe* v. *Montana Central R. Co.* (1904), 30 Mont. 323, 76 Pac. 701; *Whitely* v. *Southern R. Co.* (1898), 122 N. C. 987, 29 S. E. 783."

An examination of the record discloses that there was evidence establishing and tending to establish the following facts:

On November 14, 1928, the directors of the Haynes Realty Company and Vincent W. Switzer, son of appellee George Switzer, held a meeting called by Switzer at which it was decided that appellee George Switzer, as a complaining creditor, should ask the Elkhart Circuit Court for the appointment of appellee Carlin as receiver for the company. Vincent W. Switzer represented his father, George Switzer, appellee herein, at that meeting and in other transactions concerning the Haynes Realty Company by virtue of a power of attorney. He also had represented his father's interests under a trust agreement giving the latter complete charge of the financial affairs of the company for several months prior to the meeting above referred to. At that meeting Vincent Switzer said that a friendly receiver should be appointed; that the thing to do was to bid in the property at not to exceed $300,000.00; that there was no need of there being any loss to any of the bondholders or trust note holders or third mortgage note holders, and that a new corporation should be formed, stock of which would be exchanged for bonds, trust notes and third mortgage bonds of the Haynes Realty Company. The evidence tends to establish that he made the proposal that his father bid in the property and that it then be transferred to a corporation to be formed. Appellee Carlin was then a director and secretary of the company. He resigned both offices to be eligible for appointment as receiver. On the same day Carlin was appointed receiver and he proceeded to manage the property. The evidence further tended to establish

that at the time of the appointment of the receiver it was understood by all the parties to this appeal that a plan would be worked out whereby the Switzers should bid in the real estate on behalf of all the junior lien holders at an amount sufficient to satisfy all liens, not exceeding $300,000.00, but that the Switzers thereafter took no action to carry out the understanding and, instead, appellee Switzer bid in the property for himself at its appraised value which was insufficient to protect junior lien holders, including appellants, and no further steps were taken to bring about a reorganization to include petitioners. On January 18, 1929, the receiver filed an inventory and appraisement of the property wherein the real estate here involved was appraised at $226,000.00, and also filed his petition to sell the real estate. On February 9, 1929, the court ordered the real estate sold at public sale, upon notice, subject to the first mortgage, receiver's certificates, a second lien secured by certain trust notes and certain liens of appellee Switzer. It was ordered sold free of other incumbrances.

It is also established that the sale was not made in strict compliance with the court's order of sale in that the court ordered a public sale and directed that in case no satisfactory bid be received on the date set by the notice for sale, such fact should be reported to the court and if the receiver's action should be approved, he should thereafter offer the property at private sale from day to day until sold; whereas the proof of publication and report of sale show that notice provided for public sale, and for private sale continuing until sold, and that no report of the failure to receive a satisfactory bid on the day set for sale was made to the court. February 25th, 1929, was set as the date of sale; the sale was made on February 26, 1929, and on March 1, 1929, the report of sale and deed were filed and approved by the

court. As late as the middle of March, 1929, the receiver, in answer to inquiries, concealed from certain petitioners the fact that a bid for or sale of the property had been made. After the sale Vincent Switzer refused to discuss plans for a reorganization to take over the building, but said that holders of second and third mortgage bonds and notes were "out one hundred cents on the dollar."

There was evidence to the effect that the Switzers did not wish to include appellant Haynes in any reorganization plan and that Haynes was aware of that fact. On February 25th, the date set for the sale, the receiver, appellee Carlin, was told of a meeting of second and third mortgage bond and note holders called for March 4th, relative to reorganization and taking over the property. The receiver said that the property would not be sold before that date and stated that all would be protected. On May 2, 1929, appellants' petition to set aside and vacate the sale, and asking that a re-sale be ordered, was filed.

Complaint was made in the petition that there was a variance between the terms of the sale, as ordered by the court and as made by the receiver in that the property was ordered sold for cash subject to the liens mentioned in the court's order; that the appraised value of the real estate was $226,000.00, that the real estate was sold to appellee Switzer for $1,185.64 cash and on a credit of $224,814.36 allowed for incumbrances assumed by Switzer and that the purchase price was "thereby reduced $224,814.36 below the price that would have been obtained if made subject to the incumbrances." The petition did not attack the appraisal of the real estate nor the court's order of sale wherein there was set out the incumbrances subject to which the real estate was ordered sold, and it does not appear that a bid of $226,000.00 over and above the incumbrances was made

nor that such a bid would be required in order to make a sale at the appraised value. Further, it does not appear that the order of sale did not authorize the receiver to give credit on the purchase price for the incumbrances assumed by the purchaser.

Numerous objections were sustained to evidence concerning amounts allowed appellee Switzer and his son as payment on his bid of $226,000.00. It appears that these amounts were set forth or referred to in the petition to sell, filed January 18th, 1929, and on February 9th, 1929, the real estate was ordered sold subject to liens for such amounts in favor of the Switzers. Appellants also offered evidence tending to show that the amount for which the real estate had been appraised was reached as a result of erroneous information furnished the appraisers by the appellee Carlin. This evidence also was rejected by the trial court. Since, as above pointed out, the petition to set aside and vacate the sale and deed did not attack either the appraisal or the order of sale this evidence was properly excluded.

As a general rule a receiver's sale will be set aside on the ground of fraud in the transaction whereby an improper advantage was obtained. *Hackley* v. *Draper* (1875), 60 N. Y. 88; *Baker* v. *Schofield* (1917), 243 U. S. 114, 61 L. Ed. 626, 37 Sup. Ct. 333; Tardy's Smith on Receivers (2nd Ed.), Vol. II, §658, p. 1809. A party will not be allowed to derive a benefit from a sale made pursuant to an agreement or combination to stifle competition and thereby reduce the price of the sale. *Hughes* v. *Wilburn* (1930), 156 S. C. 443, 153 S. E. 487. Where there has been a departure from the terms of an order of sale, to the prejudice of an interested party, a court will refuse to confirm a receiver's sale *(Hungerford* v. *Owen Magnetic Motor Car Corp.* [1921], 277 Fed. 244, affirmed on *Metzler* v.

*Wyoming Nat. Bank* [1922], 278 Fed. 620) and should set it aside. Inadequacy of the price obtained on a sale of receivership property, coupled with fraud or misconduct of the receiver having the control of the sale, or surprise on the party interested, or his having been misled as to the time and place of the sale, caused by the purchaser or receiver, will constitute cause for setting aside a sale. *Bank of Commerce* v. *Lanahan, Trustee* (1876), 45 Md. 396.

We think the trial court was compelled to find from the evidence, as presented to it on the motion for finding and judgment, that the purchaser, appellee Switzer, agreed to buy the property for himself and appellants and that he caused the appellants to be misled as to his actual intention to bid at the sale for himself only, instead of for all the parties, and that the receiver misrepresented to appellants the fact of his having had a bid for, and of his having made a sale of, the property. The trial court was also bound to accept as an established fact that the receiver, in making the sale, departed from the terms of the court's order in that he failed to report to the court the fact, if it was a fact, that he had received no satisfactory bid for the property on the date set for sale before offering the property at private sale. It could also be inferred from the evidence that no bid was made by appellants prior to the time that they learned that a sale had been made because they were relying upon the representations of appellees.

But we think appellants' evidence failed to contain all the elements essential to a finding in their favor. Even though it be assumed that appellees made false representations to appellants whereby appellee Switzer succeeded in securing the property, there was no evidence that it was sold to him for less than its actual value or for less than it would have

brought upon a re-sale or for less than appellants, or anyone else, were willing and ready to pay. Assuming that appellants proved that there was an agreement or combination to prevent competition in the bidding at the sale, appellants failed to show that there were or would be any other bidders who would have bid or would bid more than was paid by appellee Switzer. There was no evidence introduced by appellants tending to show that they or anyone else would bid as much on a re-sale of the property as was obtained upon the sale sought to be set aside. Consequently, appellants failed to show that the purchaser obtained any benefit of which he should be divested by setting aside the sale, or that appellants were prejudiced or suffered any injury or loss which would be restored by ordering a re-sale. As to whether such a relationship was created between appellants and appellee Switzer, by the conduct of the latter and appellants' reliance thereon, as to constitute the purchaser a constructive trustee of the property for appellants is not within the issues of this case, and to establish, and enforce such a relationship if established, would not require the setting aside of the sale. It is well established that a re-sale will not be ordered as a mere experiment *(Porch v. Agnew Co.* [1903], 66 N. J. Eq. 232, 57 Atl. 726; *Bank of Commerce v. Lanahan, Trustee, supra,* at p. 412; *Garrittee v. Popplein* [1891], 73 Md. 322, 20 Atl. 1070), and appellants produced no evidence tending to establish that a re-sale would amount to more than a mere experiment.

It follows that the trial court did not err in sustaining appellees' motion for finding and judgment.

Judgment affirmed.