INDIANA HARBOR BELT RAILROAD COMPANY *v.* FIRST
TRUST & SAVINGS BANK OF HAMMOND ET AL.

[No. 14,802.   Filed March 7, 1935.]

*J. A. Gavit,* and *Wilson & Wilson,* for appellant.

*Glenn D. Peters, Bomberger, Peters & Morthland,* for appellee.

BRIDWELL, J.—Appellant, with permission from the court below, and by intervening petition, brought this action against appellees for the purpose of establishing its claim against the receivership estate of appellee First Trust & Savings Bank of Hammond, Indiana, and having said claim declared to be a preferred claim. After the issues were closed the cause was submitted to the court for trial, and the court made a general finding against appellant as to the claim being a preferred

one, but found in its favor that appellant was entitled to recover the sum of $71,550.94 as a general claim. Motion for a new trial was filed, overruled, and an exception to such ruling reserved by appellant. This appeal followed, the sole error assigned being that the court erred in overruling appellant's motion for a new trial.

In the consideration of this appeal we are first confronted with the contention of appellees that the record presents no question for review, because appellant's praecipe for a transcript fails to direct that the pleadings forming the issues tried in the court below, and the motion for a new trial, be included in said transcript. It is also asserted that the bill of exceptions containing the evidence is not in the record since it is embodied in the transcript following the clerk's certificate thereto.

The praecipe filed by appellant, as provided for by section 692, Burns Ann. Ind. Stat. 1926, §2-3112, Burns 1933, §456, Baldwin's 1934, omitting the formal parts, is as follows:

"To George W. Sweigart, Clerk of the Lake Superior Court:

"You are hereby requested to prepare a transcript of the *record of the proceedings had in the above entitled cause and* to include therein the entry showing the filing of the petition by Luther F. Symons, Bank Commissioner, for the appointment of a Receiver for the First Trust & Savings Bank; likewise the application for a receiver filed by Luther F. Symons, Bank Commissioner, and the order showing the appointment of A. Murray Turner and William C. Belman, as Receivers, the oath of said Receivers, and the bond of said Receivers qualifying as Receivers in said cause; also the order showing leave granted to and the filing by the Indiana Harbor Belt Railroad Company of its verified intervening petition against said First Trust & Savings Bank of Hammond, Indiana, a corporation, and A. Murray Turner and William C.

Belman, Receivers of said First Trust & Savings Bank; also the order showing the filing of answer to said intervening petition by said Receivers in general denial; likewise the entry showing the appearance and the hearing of said cause on said intervening petition, and likewise showing the finding of the court on said intervening petition, and the filing of a motion for new trial by The Indiana Harbor Belt Railroad Company and all orders with reference thereto, and the final order and judgment of the court made on the issues arising on said intervening petition; also all orders and entries showing the resignation of A. Murray Turner and William C. Belman, as Receivers, and the appointment of Horace S. French as Receiver; also all orders and entries showing the filing of an appeal bond by The Indiana Harbor Belt Railroad Company, and a copy of said appeal bond to the Appellate Court of the State of Indiana; also the order showing the filing by The Indiana Harbor Belt Railroad Company of its bill of exceptions containing the evidence given on the trial of said cause on the intervening petition of said The Indiana Harbor Belt Railroad Company.

"You will also include in said transcript the original bill of exceptions containing the evidence which was filed in the office of the Clerk of said Court on the 16th day of September, 1932, after said general bill of exceptions had been duly signed, settled, allowed and ordered filed by the Honorable Clyde Cleveland, Judge of the Lake Superior Court, Room No. 5, presiding in said cause.

"You will also include in said transcript a verbatim copy of this praecipe and certify to the same, to be used on appeal to the Appellate Court of the State of Indiana."

This praecipe does not direct the clerk to incorporate in the transcript and certify to this court as a part of the record, a copy of appellant's intervening petition, or of appellees' answer to said petition, or of appellant's motion for a new trial. The clerk *was* directed what to include in the transcript, and it is well settled that when pleadings, papers, and entries not called for by the

praecipe are included in the transcript by the clerk, they do not become a part of the record on appeal, but must be disregarded. *Workman* v. *State ex rel.* (1905), 165 Ind. 42, 73 N. E. 917; *Smith* v. *Switzer* (1933), 205 Ind. 404, 186 N. E. 764; *Roberts* v. *Smith, Executor* (1909), 43 Ind. App. 613, 87 N. E. 37; *Laterzo* v. *Muich* (1932), 95 Ind. App. 55, 182 N. E. 465.

The praecipe in the instant case cannot be construed as a *general praecipe* followed by special directions as to certain papers, pleadings, and entries, so as to bring it within the rule of liberal construction stated in *Boyles* v. *Hoch* (1917), 186 Ind. 93, 115 N. E. 52, and other cases of like import, for here the general direction in said praecipe wholly fails to request a transcript of the *pleadings,* but asks only a "transcript of the record of the proceedings had."

We need not determine whether the bill of exceptions containing the evidence is properly in the record. Without the pleadings upon which the case was tried and the motion for a new trial no question is presented for review, and these essential parts of the record are not legally made a part of the same and we are unable to say that the court erred in overruling the motion for a new trial.

The judgment is affirmed.