BOWERS, TRUSTEE *v.* SHADBOLT ET AL.

[No. 15,329.  Filed February 9, 1937.]

*F. L. Welsheimer,* for appellant.

*McMahan, Strom & Hulbert* and *George R. Williams,* for appellees.

BRIDWELL, P. J.—This action was brought by Nellie B. Bowers, as trustee, against the appellees to quiet title to and for possession of certain real estate located in Porter County, Indiana.  An answer to the complaint consisting of two paragraphs, the first a general denial, and the other pleading the fifteen-year statute of limitations, was filed by appellees.  The cause was tried by the court, and upon due request therefor, the court made its special finding of facts, and stated conclusions

of law thereon. The conclusions of law were in favor of appellees, and judgment in their favor followed. Thereafter, Nellie B. Bowers, as trustee, duly filed her motion for a new trial, but before any ruling thereon, she died, and appellant was substituted as party plaintiff by the trial court. Following this action the motion for a new trial was overruled; appellant excepted, and perfected this appeal, assigning the action of the court in overruling said motion as error. No other error is assigned, and the correctness of the conclusions of law stated on the special finding of facts are not challenged by this appeal.

The causes assigned for a new trial are that the decision of the court is not sustained by sufficient evidence; that such decision is contrary to law; that certain designated findings in the special finding of facts are not sustained by sufficient evidence; error in failing to find facts; and error in the admission of evidence. All causes assigned require a consideration of the evidence.

Appellees contend that the evidence is not a part of the record, and that since "the only questions attempted to be presented by appellant relate to the overruling of the motion for a new trial, the correctness of which ruling requires a consideration of the evidence," the judgment must be affirmed.

We find embodied in the transcript what purports to be a bill of exceptitons containing the evidence, but in support of the contention made, appellees call our attention to the praecipe filed by appellant, which, omitting its formal parts, is as follows: "The Clerk of the Porter Superior Court will prepare and certify a full, true and complete transcript of the complaint and answers on file, transcript from the Porter Circuit Court, motion for a new trial, appeal bond, request for special finding of facts, and all order book entries, including special finding of facts and the judgment rendered in the above

entitled cause, the same to be used on appeal to the Appellate Court of Indiana.".

The clerk's certificate to the transcript is to the effect that the transcript "contains full, true, and correct copies, or the originals, of all papers and entries in said cause *required* by the above and foregoing praecipe."

We note that the praecipe fails to direct or request that the clerk certify to this court any bill of exceptions containing the evidence, or a copy of any such bill. Neither does it direct or request that there be certified a copy of all papers filed in said cause, so as to justify the inclusion of any such bill of exceptions in the transcript. (See *Smith* v. *Switzer* (1933), 205 Ind. 404, 186 N. E. 764.) The clerk was directed what to include in the transcript, and under the decisions of this court, and of our Supreme Court, we must hold as well settled that when pleadings, papers, and entries not called for by the praecipe are included in the transcript by the clerk, they do not become a part of the record on appeal, but must be disregarded. *Smith* v. *Switzer, supra; Workman* v. *State* (1905), 165 Ind. 42, 73 N. E. 917; *McCoslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298, 58 N. E. 67; *Brown* v. *Armfield* (1900), 155 Ind. 150, 57 N. E. 722; *Indiana Harbor Belt R. R. Co.* v. *First E. & S. Bank* (1935), 100 Ind. App. 89, 194 N. E. 493; *King* v. *Hoover* (1914), 57 Ind. App. 558, 105 N. E. 172; *Laterzo* v. *Muich* (1932), 95 Ind. App. 55, 182 N. E. 465.

We conclude in the instant case that the evidence is not properly in the record, and since it requires a consideration of the evidence to determine whether the court erred in overruling appellant's motion for a new trial, no question is presented for review.

Judgment affirmed.