### ZARING ET AL. v. LODGE ET AL.

[No. 17,126. Filed January 28, 1944. Rehearing denied February 21, 1944.]

*Raymond O. Evans*, of Crawfordsville, for appellants.

*A. N. Foley*, of Crawfordsville, and *John A. Royse* and *Howard P. Travis*, both of Indianapolis, for appellees.

DRAPER, J.—On February 23, 1939, William C. Zaring died leaving as his only heirs at law his four children, being appellees, and the appellant E. Cooper Zaring. The appellees filed this action against appellants E. Cooper and his wife Lucy True Zaring, to partition seven parcels of real estate left by the father, and they joined as parties defendant a mortgagee of one parcel and a large number of alleged judgment creditors of E. Cooper. They alleged themselves and E. Cooper to be each the owner of an undivided one-fourth interest in the real estate by virtue of their father's death intestate, made the usual allegations in cases where lands should be sold and the proceeds divided, and challenged all defendants to assert any interest claimed by them.

The appellants filed answer admitting the allegations of the complaint as to all except parcel No. 5 of the real estate, as to which parcel they denied and filed a cross-complaint alleging equitable ownership in themselves, their claim being that they had purchased and paid for it but had caused the title to be taken in the name first of the wife of the deceased and upon her death in the name of the deceased, under certain oral trust agreements whereby the title was to be so held for their own use and benefit, this being done to defeat the creditors of E. Cooper, and they asked that their title to that parcel be quieted. Neither appellant asserted any ownership in parcel No. 5 except the full ownership thereof as above stated.

The court found against appellants on their cross-complaint and for the appellees on their complaint that

they and E. Cooper were each the owner of an undivided one-fourth interest in each parcel and that Lucy True Zaring had no interest therein except as the wife of E. Cooper. The court further recognized and established the mortgage lien and certain judgment liens against E. Cooper, denying others, and made an appropriate order for the sale of the real estate, the division of the proceeds and the payment of the valid judgment liens from E. Cooper's share.

In view of the conclusions reached, it will be unnecessary to decide the preliminary motions filed by the appellees. Appellants in their motion for new trial assert that the decision of the court is not sustained by sufficient evidence and is contrary to law and assign the overruling of it as error.

With respect to the claims advanced by appellants' cross-complaint, the evidence is conflicting. The decision of the trial court on that issue is amply sustained by that portion of the evidence most favorable to appellees and we are, therefore, not at liberty to disturb it.

The appellants assert that though the court refused to be persuaded that appellants were the equitable owners of parcel No. 5, it yet should have recognized that E. Cooper had contributed large sums toward its purchase and should have taken such contributions into account and credited him with such amounts in its decree. But no such issue was before the court. No contributions or advancements to others for their use in purchasing the real estate were claimed by him either in his pleadings or proof. Moreover, we do not know that the court believed E. Cooper had advanced any of his own money for such purpose. The evidence is conflicting, and would not compel such a belief.

On December 28, 1939, E. Cooper made a quit claim deed describing all seven of the parcels of real estate and purporting to convey to his wife an undivided one-fourth interest therein. Obviously to show that at the time of the execution of that conveyance the appellants did not claim joint ownership of parcel No. 5, since by that deed E. Cooper professed to be conveying a one-fourth interest in it to his wife, appellees introduced this deed in evidence, and appellants assert that the decision of the court is wrong in that the court did not give effect to this deed, and decree that his wife, rather than E. Cooper, was the owner of the one-fourth interest therein. We are not impressed by this claim. Granting that the deed was admitted in evidence generally and not for a particular purpose, and that the appellants could avail themselves of it although introduced by their opponents, there was other evidence to show that each of the children continued as the owner of their one-fourth interest from the date of their father's death to the time of the trial despite the deed. Furthermore, Lucy True Zaring never asserted by her pleadings the ownership of a one-fourth interest, and both appellants had confessed their nonreliance on the deed as a valid instrument of conveyance, for they admitted by their pleadings that after the execution of it E. Cooper was still the owner of the one-fourth interest in all parcels other than No. 5, and if the deed did not serve to convey any interest in six of the parcels described in it, as they admitted, they may not at this late date assert the inconsistent claim that the same deed did serve to convey an interest in the seventh. 31 C. J. S. Estoppel, § 118, p. 380; *Royal Insurance Company* v. *Stewart* (1921), 190 Ind. 444, 457, 129 N. E. 853, 857.

The appellants further complain that some of the

judgments which were established as liens against E. Cooper's share were rendered after the execution of the deed above mentioned, and assert that those judgments could, therefore, not possibly be liens against his interest in the real estate. What we have already said is perhaps enough to dispose of that contention, but we will add that in their praecipe for a transcript the appellants specifically excluded all pleadings and papers filed by, for or in behalf of judgment creditors and all such were omitted. The pleadings forming the basis of the creditors' cause not having been included in the record, and it being impossible to determine the rights of the parties without them, no question concerning their right to be paid from the share of E. Cooper has been presented to this court. *Laterzo* v. *Muich* (1932), 95 Ind. App. 55, 182 N. E. 465; *Lawrence* v. *Oliver Typewriter Co.* (1912), 51 Ind. App. 434, 99 N. E. 809.

Judgment affirmed.

Royse, P. J., not participating.

NOTE.—Reported in 52 N. E. (2d) 632.