STATE OF INDIANA *v.* ALLISON.

[No. 29,343. Filed April 4, 1956.]

*Edwin K. Steers,* Attorney General, *Owen S. Boling, Robert M. O'Mahoney, Richard M. Givan,* Deputy Attorneys General, and *John G. Tinder,* Prosecuting Attorney, Indianapolis, for appellant.

*Kivett & Kivett,* of Indianapolis, for appellee.

PER CURIAM.—Appellee has filed a motion to dismiss the appeal herein, or, in the alternative, to affirm the judgment of the trial court on the ground that the record presents no question to this court for consideration.

The case is here on appeal by the state from a judgment of the Marion Criminal Court, Division One, sustaining appellee's plea in abatement.[1]

The finding and judgment is as follows:

> "Come again the parties, the State of Indiana by the Prosecuting Attorney of the 19th Judicial Circuit of the State of Indiana by its duly qualified deputy James Rocap, and comes the defendant William John Allison in person by his attorneys Kivett & Kivett, and this cause having been heretofore submitted to the Court upon the defendant's answer by way of plea in bar and abatement and the evidence being submitted to the Court upon an agreed stipulation of facts and concluded, the State and defendant having made argument and the Court having seen and heard the evidence and being duly advised in the premises finds for the defendant on his answer in bar and abatement.

> "IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED BY THE COURT that this action abate, exceptions to the State of Indiana."

In order to determine the questions raised by the alternative motion we must first decide whether a consideration of the evidence is necessary to decide the main question in the appeal.

We consider the judgment of the trial court to be a final judgment abating the action; and we are at a loss to see how we are to determine the correctness of the trial court's ruling on the plea in abatement with-

---

[1] See Acts 1955, ch. 315, §1, p. 968, being §9-2304, Burns' 1942 Repl. (1955 Supp.) for authority of state to appeal from a judgment sustaining a plea in abatement.

out a consideration of the evidence on which the court based its findings.

The state asserts that the trial court's ruling on the plea in abatement does not depend upon a bill of exceptions since the pleadings, which are part of the record, fully present the question. We do not agree. It follows that the evidence must be properly in the record for our examination.

Appellee sets forth three reasons why his motion should be sustained:

(1)   That neither of the first two errors assigned is a proper independent assignment of error;

(2)   That the amended praecipe is not properly in the record; and

(3)   That the purported bill of exceptions is not properly in the record.

The errors assigned are:

"1.   The court erred in sustaining appellee's plea in bar and abatement.

2.   The court erred in ordering that the action abate.

3.   The court erred in overruling appellant's motion for a new trial."

Error in sustaining a plea in abatement is not a proper independent assignment in a civil case, *Hopkins* v. *Matters* (1916), 62 Ind. App. 676, 112 N. E. 248, and we see no reason why the same rule should not apply here. Hence, the sole proper assignment of error is the overruling of a motion for a new trial.

On August 5, 1955, appellant filed Praecipe for Transcript, as shown by the order book entry, requesting transcript of the following:

(a)   Affidavit

(b)   Defendant's Plea in Abatement

(c)  Answer to Defendant's Plea in Abatement
(d)  Stipulations of Fact filed July 20, 1955
(e)  All docket entries and rulings of the court.

There appears at page 51 of the transcript an amended praecipe requesting in addition to the items specified in the original praecipe, the motion for a new trial, and ruling on motion for a new trial.

There is no entry in the record showing the filing of the amended praecipe with the clerk below, nor is it referred to in the certificate of the clerk to the transcript, filed in this court on October 17, 1955.

See:
Flanagan, Wiltrout & Hamilton, §2201, Comment 11, pp. 55 and 56.

We cannot consider as a part of the record on appeal matters that are in no way certified to be such and whose only claim to consideration is the fact that they are bound under the same cover with matters which are properly certified. *Hunter* v. *Stump* (1948), 118 Ind. App. 84, 76 N. E. 2d 696.

Because the amended praecipe is not, for the reasons abovementioned, properly certified as a part of the record this appeal must be governed by the original praecipe filed on August 5, 1955. Such praecipe cannot be construed as a general praecipe and must be held to include only those papers, pleadings and entries specifically mentioned therein. *Ind. Harbor Belt R. R. Co.* v. *First T. & S. Bank* (1935), 100 Ind. App. 89, 92, 194 N. E. 493.

The motion for a new trial, and the bill of exceptions, which appellant has attempted to bring up by certiorari, do not become a part of the record on appeal and cannot be considered by this court since they were not called for by the original praecipe. *Ind.*

*Harbor Belt R. R. Co.* v. *First T. & S. Bank, supra; Fish* v. *Hetherington* (1916), 61 Ind. App. 645, 112 N. E. 391.

Rule 2-3, 1954 Ed. of this court, provides, "An appeal shall be initiated by filing in the office of the clerk below a praecipe designating what is to be embraced in the transcript." This provision makes no distinction between civil and criminal cases.

When a written praecipe is filed, only such papers and entries as are mentioned therein are properly a part of the record. Matters not designated in the written praecipe are not a part of the record and, although they may be copied in the transcript and certified by the clerk, such matters cannot be considered on appeal. This may seem a harsh rule but the reasons for its existence adequately support it. *Laterzo* v. *Muich* (1932), 95 Ind. App. 55, 58, 182 N. E. 465; *Ind. Harbor Belt R. R. Co.* v. *First T. & S. Bank*, (1935), 100 Ind. App. 89, 92 ,194 N. E. 493 *supra.*

We are reluctant to decide a case wholly upon the failure to comply with the rules of this court, but they are binding upon us as well as the litigants.

For the reasons above stated, the motion for a new trial is not legally before us for consideration, and since the ruling on this motion is the only assigned error properly before us, nothing is presented for review and we are unable to say whether the trial court erred in overruling the motion for a new trial. Hence, the judgment must be affirmed.

Judgment affirmed.

NOTE.—Reported in 133 N. E. 2d 469.