AUSTIN *v.* KNIGHT ET AL.

[No. 17,604. Filed June 16, 1947. Rehearing Denied September 29, 1947. Transfer Denied November 18, 1947.]

*Hempling & Smith,* of South Bend, for appellant.

*George W. Douglass,* of Valparaiso, and *Warren J. Rommes,* of Michigan City, for appellees.

HAMILTON, J.—This is an appeal from a judgment for appellee Fred Knight in an action for personal injuries alleged to have been caused by the negligent operation of a motor wrecker, or tow truck, owned by appellant and operated by his agent and employee, and an automobile owned and driven by appellee Joseph Burchart.

The trial was to a jury, which returned a verdict in favor of appellee Burchart and against appellant in the sum of $6,000. Judgment was duly rendered upon the verdict and this appeal prosecuted.

The sole error assigned is the overruling of appellant's motion for a new trial, in which it is asserted that the verdict is not sustained by sufficient evidence and that it is contrary to law; also that the court erred in refusing to give to the jury appellant's requested instructions Nos. 25, 26, 27, and 29, respectively.

All causes assigned in the motion for a new trial and presented by appellant's brief require a consideration of the evidence.

Appellee Knight contends that the evidence is not a part of the record brought to this court, and that, since the only questions attempted to be presented by appellant relate to the overruling of the motion for a new trial, the correctness of which ruling requires a consideration of the evidence, the judgment must be affirmed.

We find embodied in the transcript what purports to be a bill of exceptions containing the evidence properly filed and certified, but in support of his contention that such bill of exceptions is not properly before us, appellee Knight calls our attention to the *praecipe* filed by

appellant, which, omitting its formal parts, is as follows:

"PRAECIPE FOR TRANSCRIPT OF PART OF RECORD.

"The Clerk of the Porter Superior Court will prepare and certify *a full, true and complete transcript of the following papers, orders and proceedings filed and had in the above entitled cause, to wit:* 1. Plaintiff's *Amended* Complaint. 2. Defendant Joseph Burchart's Answer to Plaintiff's Amended Complaint. 3. Defendant Frank Austin's Answer to Plaintiff's Amended Complaint. 4. All instructions tendered by the Plaintiff and by the Defendant Joseph Burchart and the defendant Frank Austin, and those given by the Court on its own motion, including all instructions given by the Court on its own motion, including all instructions given by the Court and all instructions refused by the Court, showing those instructions marked 'Given' and those instructions marked 'Refused'. 5. Defendant Frank Austin's written objections made to the Court to the giving of plaintiff's instruction and written objections made to the Court's refusal to give instructions tendered by the Defendant Frank Austin, noting the exception. 6. Defendant Frank Austin's interrogatories given to the Jury and the answers thereto. 7. Verdict. 8. Motion of Defendant Frank Austin for a New Trial, ruling thereon and exception. 9. Judgment. 10. Appeal Bond, Prayer for Appeal and Order granting appeal." (Our emphasis.)

The clerk's certificate to the transcript is to the effect that the transcript "contains full, true and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing *praecipe.* And I also certify that the foregoing bill of exceptions containing the evidence *inserted in the foregoing transcript* is the original bill of exceptions duly filed in my office as such Clerk, on 7th day February, 1947."

It must be noted that the foregoing *praecipe* fails

to direct or request that the clerk include in said transcript, or certify to this court, the original bill of exceptions containing the evidence. Neither does said *praecipe* direct or request that there be certified a full and complete copy of all papers filed, and on file, in said cause, so as to authorize or justify the inclusion of any bill of exceptions containing the evidence in the transcript.

The clerk was specifically directed what to include in the transcript and, under an unbroken line of decisions by this court and our Supreme Court, we must hold as firmly established that, when pleadings, papers, and entries not called for by the *praecipe* are inserted and included in the transcript by the clerk, they do not become a part of the record on appeal but must be disregarded. *Bowers, Trustee* v. *Shadbolt* (1937), 103 Ind. App. 181, 183, 5 N. E. (2d) 987; *Smith* v. *Switzer* (1933), 205 Ind. 404, 408, 186 N. E. 764; *Workman* v. *State ex rel.* (1905), 165 Ind. 42, 73 N. E. 917; *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298, 58 N. E. 67; *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Ind. Harbor Belt R. R. Co.* v. *First T. & S. Bank* (1935), 100 Ind. App. 89, 194 N. E. 493; *King* v. *Hoover* (1915), 57 Ind. App. 558, 105 N. E. 172; *Laterzo* v. *Muich* (1932), 95 Ind. App. 55, 182 N. E. 465.

Appellant asserts that the foregoing decisions have been superseded by Rule 2-3 of the 1946 Revision of the Rules of the Supreme Court. Rule 2-3 reads in part as follows:

"An appeal shall be initiated by filing in the office of the clerk below *a praecipe designating what is to be embraced in the transcript.* . . . *When the praecipe directs that a bill of exceptions shall be included in the transcript for appeal* the original

may be utilized without copying. . . . " (Our emphasis.)

As we read and construe the plain and unambiguous language of Rule 2-3, *supra,* it reaffirms and continues in full force and effect the rule declared and established in the foregoing decisions as to the effect of a *praecipe* which specifically designates what papers and entries the clerk is to include in the transcript and certify for use on appeal and which *praecipe* does not direct that all papers filed, and on file, in said cause be included in such transcript.

Therefore, we conclude that the evidence is not properly before us for our consideration and, since a consideration of the evidence is necessary to determine whether the court erred in overruling appellant's motion for a new trial, no question is presented for review.

Judgment affirmed.

CRUMPACKER, P. J., not participating.

NOTE.—Reported in 73 N. E. (2d) 696.