HORVATH ET AL. *v.* VIDITO ET AL.

[No. 17,700.   Filed June 1, 1948.]

*Walter G. Todd & Milton E. Craig,* both of Indianapolis, attorneys for appellants.

*L. Russell Newgent,* of Indianapolis, attorney for appellees.

BOWEN, J.—This was an action for damages for alleged fraud of agents as against their principals and the complaint alleged a real estate transaction in which it was claimed that the appellants breached their duty toward appellees. Issues were formed on the amended complaint on behalf of appellees and an answer denying in part and admitting in part the allegations of the complaint. The cause was tried to a jury and at the conclusion of the trial the jury returned a verdict for the appellees in the sum of $1,800 and judgment was rendered for appellees on such verdict.

The sole error assigned for reversal, which is not waived by appellants, is that the court erred in overruling appellants' motion for a new trial.

The appellees contend that the praecipe in the instant case is special, calling for only parts of the record, and that the motion for a new trial is not requested in the praecipe, and since the motion for a new trial is not a part of the record on appeal, the judgment must be affirmed.

The praecipe for the transcript as contained in the record of this cause is as follows:

"You are hereby requested to make out copy and furnish to the defendants in the above entitled cause of action a transcript of all Order Book entries in the above entitled cause from the commencement of said action until final determination thereof and the complaint on which the case was tried, being an amended complaint, but not the original, also the answers of the defendants and rulings of the Court, all to be used on appeal to the Appellate Court of the State of Indiana."

The Clerk's certificate to the transcript is to the effect that the transcript contains full, true and correct copies of all the papers filed and entries of proceedings had in the cause as appears from the files and records in the Clerk's office.

An examination of the foregoing praecipe discloses that such praecipe does not request that there be certified a full and complete copy of all of the papers filed, and on file, in said cause, so as to authorize or justify the inclusion of the motion for a new trial in the transcript.

It is well settled by an unbroken line of decisions by this court and the Supreme Court that, although a liberal construction will be given the praecipe, when pleadings, papers, and entries not called for by the praecipe are inserted and included in the transcript by the Clerk, they do not become a part of the record on appeal and must be disregarded. *Austin* v. *Knight* (1947), 117 Ind. App. 663, 73 N. E. 2d 696; *Smith* v. *Switzer* (1933), 205 Ind. 404, 186 N. E. 764; *Bowers, Trustee* v. *Shadbolt* (1937), 103 Ind. App. 181, 5 N. E. 2d 987; *Workman* v. *State* (1905), 165 Ind. 42, 73 N. E. 917; *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Indiana Harbor Belt R. R. Co.* v. *First T. & S. Bank* (1935), 100 Ind. App. 89, 194 N. E. 493; *King* v. *Hoover* (1915), 57

Ind. App. 558, 105 N. E. 172; *Laterzo* v. *Muich* (1932), 95 Ind. App. 55, 182 N. E. 465.

Therefore, since the motion for a new trial is not properly before us, we cannot determine the question whether the court erred in overruling such motion. Since the sole error now assigned for reversal is predicated upon this motion for a new trial, no question is presented in this appeal for our consideration.

Judgement affirmed.

NOTE.—Reported in 79 N. E. 2d 544.