## SANSBERRY ET AL. v. CORNELIUS.

[No. 12,016. Filed November 13, 1924.]

1. DRAINS.—*Limitation on action to enforce drainage lien.*— An action by the holder of a tax deed to enforce a lien for a ditch assessment under §6144 Burns 1914, Acts 1907 p. 508, §5, which was commenced more than five years after the last installment of such assessment was due and payable, is barred by the statute of limitations (§§6144a, 6144b Burns 1914, Acts 1913 p. 931). p. 159.

2. APPEAL.—*Error in stating conclusions of law waived.*—If neither party excepts to the conclusions of law, any error in stating the same was waived. p. 160.

3. DRAINS.—*Drainage lien not extinguished by treasurer's deed which did not convey title.*—In an action by the holder of a tax deed to enforce a lien for ditch assessment and to quiet title, a finding by the court that the deed made pursuant to the sale by the treasurer in enforcing the ditch assessment was ineffective to convey title, amounted to a finding that the lien was not discharged by such sale, but was transferred to and vested in the grantee, pursuant to §10388 Burns 1914, Acts 1901 p. 366. p. 160.

4. DRAINS.—*Drainage lien not enforced within limitation prescribed by statute is a nullity.*—In an action by a holder of a tax deed to enforce a lien for assessments for a drain and to quiet title, commenced more than five years after the last installment thereof was due, a conclusion of law by the court that plaintiff had two separate liens, one for a certain amount as for taxes on account of a ditch assessment, and another for a certain amount on account of delinquent taxes, *held* erroneous under the provisions of §§6144a, 6144b Burns 1914, Acts 1913 p. 931. p. 161.

5. DRAINS.—*Purchaser at tax sale acquires title or lien regardless of interest in land purchased.*—A party who is without any interest in real estate offered for sale in payment of delinquent taxes thereon may purchase the same at such sale, and acquire title thereto or a lien thereon, depending on whether such sale is valid or invalid. p. 161.

From Madison Circuit Court; *Willis S. Ellis,* Judge.

Action by Thomas F. Cornelius against Charles T. Sansberry and others. From a judgment for plaintiff, the defendant appeals. *Reversed with directions.*

*Francis A. Walker,* for appellants.
*Bagot, Free & Pence,* for appellee.

BATMAN, J.—Appellee filed a complaint against appellants in two paragraphs. By the first he sought to quiet his title to certain real estate, and by the second to enforce a lien against the same. Appellee afterwards filed a supplemental second paragraph of complaint to enforce an additional lien against the same. After issues were joined, the cause was submitted to the court for trial, and pursuant to request, a special finding of facts was made and conclusions of law stated thereon. Appellants allege that the court erred in stating each of its conclusions of law, numbered from one to five inclusive. Other errors are assigned, but they do not require consideration, as they relate to rulings of the court in the formation of issues, and are of such a nature as to be immaterial, since the judgment was rendered on conclusions of law, stated on a special finding of facts, duly requested. *Pape* v. *Randall* (1897), 18 Ind. App. 53; *Karas* v. *Skouras* (1922), 79 Ind. App. 99, 137 N. E. 289.

The special finding of facts discloses, among other things, that on February 7, 1913, an assessment of $80 was duly made against the real estate in controversy, owned by appellant, Charles T. Sansberry, for the construction of the Applegate Ditch in Madison county, In-

diana; that the drainage commissioner in charge, after due notice, required the same to be paid in ten equal monthly installments, payable successively, beginning on March 21, 1913, and ending on December 21, 1913; that the owner of said real estate did not pay said assessment; that such drainage commissioner thereupon made his certificate, showing the amount of the assessment against said real estate, and the default in its payment, and filed the same with the auditor of said county; that the auditor placed said assessment on the tax duplicate, to be collected as other delinquent state and county taxes are collected; that said assessment not having been paid, said real estate was duly advertised for sale for the non-payment thereof, and was so sold by the treasurer of said county on February 16, 1916, to the Security Investment Company for $86.26, said sum being the amount of said assessment, with the accumulated interest and cost of sale; that the treasurer making said sale issued a certificate thereof to the purchaser, and the real estate not having been redeemed within the time allowed, a tax deed therefor was duly executed by the auditor of said county, to said purchaser, on February 26, 1918, and the same was duly recorded in the proper office and record on said date; that said purchaser, conveyed said real estate to appellee by a deed of quit claim on October 19, 1918; that this action was begun on March 31, 1920, more than six years after the establishment of said ditch, the making of said assessment, and the time fixed for the payment of the last installment thereof; that in the month of December, 1919, the real estate involved in this action (by an indefinite description) was returned delinquent in the name of appellee for the non-payment of taxes, assessments, penalties and costs, for the years 1918, and 1919, and said sums not having been paid, said real estate was advertised for sale for the non-

payment thereof, and so sold by the treasurer of said
county to Paul B. Cornelius on February 9, 1920, for
the sum of $49.89, being the amount of said delin-
quencies; that said real estate not having been re-
deemed, and the certificate of purchase evidencing said
sale having been duly assigned and transferred to ap-
pellee, a tax deed therefor was duly executed to him by
the auditor of said county on March 21, 1922, and the
same was duly recorded in the proper office and record
on said date.    The court stated six conclusions of law
on the facts found.    The five challenged in the assign-
ment of errors, briefly stated, are to the following effect,
omitting the fifth which relates only to the recovery of
costs:    That each of the deeds executed by the auditor
of said county, pursuant to the sales made by the treas-
urer thereof, on account of the delinquencies stated, is
insufficient to convey title to the real estate described
therein, and should be set aside; that appellee has two
separate liens on said real estate, one for $219.73, as for
taxes, on account of said ditch assessment, and the
other for $89.52 on account of delinquent taxes thereon;
that appellee is entitled to a foreclosure of each of said
liens against appellants, and a sale of the real estate to
satisfy the same.

Appellants contend that the enforcement of the lien
for the ditch assessment is barred by the statute of
limitations, and therefore the court erred in giv-
ing effect to the same, in stating its conclusions
of law.    This statute, §§6144a and 6144b Burns
1914, Acts 1913 p. 931, is as follows:

"1.    That no action shall be brought or maintained
in any of the courts of this state to foreclose or enforce
the liens of any assessment for any levee, ditch or drain,
or any drainage system in this state, in any case when
said assessment or the last installment thereof has been
due and payable over five years, and upon which no pay-

ment has been made during the last five years, as shown by the record creating or evidencing such lien, or by any record upon which such assessment is spread or recorded.

"2. The lien of all assessments for any levee, ditch or drain, or drainage system in this state shall cease and expire five years from the time the same, and the several installments thereof, are due and payable, as shown by the record creating or evidencing such lien."

Applying this statute to the facts found, it is clear that appellants' contention must be sustained. Appellee, in an effort to have the court reach a contrary conclusion, has cited that portion of §6144 Burns 1914, Acts 1907 p. 508, which refers to the collection of ditch assessments, and prescribes the duties of superintendents of construction with reference thereto, and reads as follows:

"He shall collect the assessments not satisfied, as herein provided for, or such part thereof as may be by him deemed necessary for the purposes herein mentioned, and apply the same as herein provided, and for the purpose of making such collections, if not paid as above required, he shall make his certificate, showing the amount of such assessments against any tract or tracts of land, the default in its payment as required, and file the same with the auditor of the county where such lands are situated, and thereupon the auditor shall place the same on the delinquent tax duplicate, and the same shall be collected as other delinquent state and county taxes are collected · * * *."

He asserts that when the real estate was sold by the county treasurer, under the law relating to sales for the payment of delinquent taxes, as authorized by 2, 3. the above provisions, and found by the court, the assessment in question was thereby paid, and the lien therefor no longer existed. We cannot agree with

this contention. If the sale by the county treasurer had been effective to give the purchaser title to the real estate, after the time allowed for redemption had expired, there would be merit in appellants' contention. *Burkhart* v. *Millikan* (1921), 76 Ind. App. 480. But the court, in its sixth conclusion of law states, that the plaintiff (appellee) is not the owner of the real estate involved, and is not entitled to quiet his title thereto. As neither party excepted to this conclusion of law, any error in stating the same has been waived, and we may assume that it was thereby correctly determined that the auditor's deed, made pursuant to the sale by the treasurer, was ineffective to convey title. This being true, the assessment was not paid, and the lien there-for was not discharged by such sale, but was transferred and vested in the grantee of such deed, pursuant to the provisions of §10388 Burns 1914, Acts 1901 p. 366; 19 C. J. 760; *Burkhart* v. *Millikan, supra; Reed* v. *Kalfsbeck* (1896), 147 Ind. 148; *Skelton* v. *Sharp* (1903), 161 Ind. 383; *Fowler, Gdn.,* v. *Maus* (1895), 141 Ind. 47. It was necessary, however, for such grantee, or appellee claiming under it, to enforce the lien within the time provided in the sections of the statute quoted above. This they failed to do, and appellee's right in that regard is now barred.

Appellants contend with reference to the remaining lien, which the court stated exists in appellee's favor by reason of the purchase at the tax sale on February 9, 1920, that, as appellee had no claim or demand against the real estate by reason of the ditch assessment, he had no interest therein to protect, and therefore his payment of the amount due as taxes thereon, though the sale stated in the special findings, was a mere voluntary payment on his part, for which he could not recover. We cannot concur in

this contention, as it is clear that a party without any interest in real estate offered for sale in payment of delinquent taxes thereon may purchase the same at such sale, and acquire title thereto or a lien thereon, depending on whether such sale is valid or invalid. For the reasons stated, we hold that the court erred in stating its second conclusion of law.

Judgment reversed, with directions to the trial court to restate its conclusions of law consistent with this opinion.