MARSHALL, AUDITOR, ET AL. *v.* WATKINS.

[No. 15,968. Filed February 7, 1939.]

*Robert A. Hendrickson,* and *Arthur S. Wilson,* for appellants.

*S. L. Vandeveer,* and *Thomas Duncan,* for appellee.

CURTIS, C. J.—This action was commenced in the trial court by Munford S. Watkins, the appellee, against Sylvester G. Marshall, as auditor of Gibson County, Indiana, and John C. Bingham, as treasurer of Gibson County, Indiana, the appellants, perpetually to enjoin the appellants and each of them from attempting to collect an installment of an assessment for a drainage improvement against the appellee's land which remained due and unpaid as of November 8, 1930, and to have said assessment be adjudged no longer to be a lien upon the appellee's described real estate or any part thereof.

The complaint alleged facts showing the proceedings leading to the creation of a lien for drainage assessment against the appellee's land and the extension of said assessment in ten annual installments, the last installment of which was due on the first Monday in November, 1930, and that there remains unpaid of said assessment the sum of one hundred six and 50/100 dollars ($106.50) with interest thereon at the rate of six per cent (6%) per annum from the first Monday in November, 1929. The complaint further alleges that the appellants are

each asserting that they intend to sell said real estate for the collection of said assessment and will sell the same unless restrained by an order of court. That nothing has been paid on said installment during the last five years, as shown by the record creating and evidencing said lien or by any record upon which said assessments are spread or recorded; that no action for the foreclosure of said lien was brought by anyone at any time within fifteen years from the date of the final approval of such assessments, as shown by the record creating and evidencing such lien; that said pretended lien is a cloud upon said real estate and will be until the said lien is removed.

The appellants filed their separate and several demurrers to the appellee's complaint which were overruled, with an exception reserved. The record thereafter is as follows:

"And the defendants having been ruled to plead over and refusing to answer said complaint, this cause is submitted to the court for trial as upon default, and the court, having heard the evidence and being duly advised in the premises, finds for the plaintiff that each one of the material allegations of his complaint is true."

The court then made a detailed general finding which we need not set out. Upon that finding the following judgment was entered:

"IT IS, THEREFORE, CONSIDERED, ADJUDGED AND DECREED by the court that the last installment of the assessments above set forth against the real estate hereinbefore described is no longer a lien upon said real estate, or any part thereof, and that the defendant, Sylvester G. Marshall, as Auditor of Gibson County, Indiana, and the defendant, John C. Bingham, as Treasurer of Gibson County, Indiana, be, and the same are, each severally and perpetually enjoined from collecting or attempting to collect the same, or any part thereof.

"It is further considered, adjudged and decreed by the court that the defendant, Sylvester G. Marshall,

as Auditor of Gibson County, Indiana, shall release each of the assessments of record against the real estate hereinabove described, and that such release shall be a complete and final discharge of each one of said assessments.

"It is further considered, adjudged and decreed by the court that the plaintiff recover his costs herein laid out and expended."

The only error assigned here is the ruling on the demurrer. The appellee's complaint proceeded upon the theory that the lien of the assessment in controversy was barred by the statute of limitations.

The proceedings establishing the drainage improvement and the making of the said assessment, are fully set out in the complaint. For the purpose of testing the demurrer these allegations of the complaint are taken as true. The demurrer admits that said proceedings were regular. It is based upon the ground that the complaint upon its face shows that the lien in controversy is not barred by the statute of limitations. The trial court decided that the said lien was so barred. The controlling question here is as to the correctness of that decision.

The complaint shows upon its face that at the time of the filing of this action, no action had been brought for the foreclosure of the lien of said assessments, and that more than fifteen (15) years had elapsed from date of the final approval of such assessments as shown by the record creating and evidencing such lien and that the last installment of said assessments against the above described real estate, at the time of the filing of the action, had been due and payable over five (5) years, and no payment had been made during the last five (5) years, as shown by the record creating and evidencing such lien, or by any record upon which such assessment was spread or recorded.

The appellee relies mainly upon Section 1, Chapter

113 of the Acts of 1923, §2-620 Burns 1933, §61-5 Bald-win's 1934, which is as follows: "No action shall ▮ be brought for the foreclosure of the lien of any assessment for streets, sewers, sidewalks, ditches and other public improvements, which is not commenced within five (5) years from the time the right of action accrues: Provided, however, that where any such assessment shall be payable in installments, such action may be brought at any time within fifteen (15) years from the date of the final approval of such assessment as shown by the record creating and evidencing such lien." It is also to be noted that the title of the above Act is "An Act concerning certain liens upon real estate, the foreclosure and expiration thereof and repealing all laws in conflict therewith." It is the appellants' contention that the above act applies only to liens for improvements made in municipal corporations. We do not concur in that view. The act stands alone and does not purport to be anything less than a general statute of limitation and repose as to the subject-matter embraced therein. None of the language of the act limits it in any manner exclusively to liens for improvements made by municipal corporations. We do not believe that it was the intention of the legislature thus to limit the act and certainly no appropriate language was used in the act to limit it as contended for by the appellants. The doctrine of *ejusdem generis* sought to be invoked by the appellants is not applicable for the very apparent reason that the act specifically includes "ditches." The principle contended for by the appellants applies only where the matter in controversy is included, if included at all, in a general phrase. Such is not the case here for the act specifically includes ditches.

The appellants further contend that the only specific act purporting to limit the time in which the lien of

assessments created under the Drainage Acts could be enforced was the Act of 1913, Chapter 342, which was specifically repealed by Section 81, Chapter 264 of the Acts of 1933 and that therefore the general fifteen-year statute of limitations would control and be the only limitation upon a right of action upon the lien of such assessments. As previously pointed out, we think that the said Act of 1923, *supra,* is applicable to such assessments as are described in the complaint.

Some suggestion is made by the appellants that the commonly called tax moratorium of 1933, Section 1, Chapter 2, Acts of 1933, page 5, suspended the running of the statute of limitations in the instant case. We think not. The act was not intended to create a moratorium as to a ditch assessment lien such as is under consideration in the instant case, but was intended as applicable to a general tax lien. This fact is made clear in the Act of 1935 (see section 2, chapter 4, Acts 1935, page 6) which provided that: "The provisions of this Act shall not be construed as to apply to the sale of lands and lots for the payment of delinquent improvement assessments or any other special assessments." See also *Reinken* v. *Fuehring* (1891), 130 Ind. 382, 30 N. E. 414.

The owners of the liens described in the complaint or the holders of the bonds, if any, issued upon said liens have only the statutory rights given them. Their rights are subject to the statute of limitations. The Act of 1923 prohibits them, after the running of the statute, from bringing any action for the foreclosure of such lien. This in our opinion makes the lien unenforceable after the statute has run and being an apparent (but unenforceable) lien upon appellee's land the remedy sought in the complaint is appropriate. See: *Seltenright* v. *Cook* (1929), 88 Ind. App. 447, 164

N. E. 507; *Sansberry* v. *Cornelius* (1924), 82 Ind. App. 156, 145 N. E. 521.

In *Leffingwell* v. *Warren* (1862), 67 U. S. 599, 17 L. Ed. 261, the Supreme Court of United States said (p. 606) : "Statutes of limitation are now regarded favorably in all Courts of Justice. They are 'Statutes of Repose.' Usually they are founded in a wise salutary policy, and promote the ends of justice." In *Davis* v. *Mills* (1904), 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1071, the same court said, "The lapse of time limited by such statutes not only bars the remedy, but it extinguishes the right and vests a perfect title in the adverse holder."

It is our opinion that the complaint in the instant case states a good cause of action and that the demurrer thereto was properly overruled.

Judgment affirmed.