### LAKES v. MOORE

[No. 20,076. Filed April 19, 1965. Petition for rehearing dismissed June 17, 1965. Transfer denied October 19, 1965.]

*Livengood & Trimble,* of Richmond, for appellants.

*Dwight S. Beckner,* of New Castle, and *James H. Ronald,* of Richmond, for appellee.

CARSON, J.—This action was brought by appellee Nell Moore to recover damages alleged to have been sustained by appellee in an automobile accident involving the appellant Hubert Lakes and one Eugene E. Wiley driver of the automobile in which appellee was riding.

The issues were formed by the filing of a second amended complaint of the appellee and the answer filed by the appellant. The cause was tried by jury and a verdict of $7,500.00 was returned for the appellee. The appellant filed a motion for new trial which was overruled and from which ruling this appeal is taken.

We find that the appellant assigns that the court erred in overruling the motion for new trial and in setting out his errors relied upon for reversal, ■ indicates that said grounds were set out in the motion for new trial. For the purpose of this appeal we will consider that the statement is correct and consider the errors as outlined in the appellant's brief. We will first consider errors 6 through 18 which deal with the court's refusal to give certain instructions tendered by the defendant. The portion of the argument devoted to these assignments of error merely state the conclusions of the appellant and does not

present a cogent argument with authorities applied to the points raised by the appellant. No question is therefore presented by these assignments of error and they will not be considered by the Court in this opinion.

Assignments 19 through 24 cover the objections of the appellant to the instructions given by the court. We have examined the instructions and feel that they fairly state the law applicable to the facts in the case and that the jury was fully and fairly instructed.

Errors number 25 through 31 relate to objections made at the trial to questions propounded to the plaintiff's witnesses and objected to by the defendant-appellant. The rule long established in this State is that an objection to a question must be full and comprehensive in pointing out the particular reason for the objection. *Beeler* v. *State* (1952), 230 Ind. 444, 104 N. E. 2d 744; *Allman et al.* v. *Malsbury et al.* (1945), 224 Ind. 177, 65 N. E. 2d 106. Further, the argument portion of the brief must approach the objection on the same ground as that made at the time of trial. We note that the objections made at the time of trial were not sufficiently comprehensive to present any question to the trial court, and that the appellant has attempted to enlarge upon these objections in this appeal which is not permitted. By reason of the foregoing no question is before us concerning either the objections made during the trial or the trial court's ruling on such objections.

Assignments of error 1 through 5 present questions which could properly be considered by this Court if the argument portion of the appellant's brief supported such objections and cited authorities which were properly applied to the errors assigned.

In bringing an appeal before this Court or the Supreme Court it is incumbent upon the appellant to

affirmatively, by cogent argument and citation of authorities establish the harmful errors upon which he relies. *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551.

The Supreme Court has clearly set forth the requirements for the appellant to follow in presenting his argument on appeal. Supreme Court Rule 2-17(e) reads in part as follows:

"(e) The brief shall contain under the heading "Argument" a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial—and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes as are deemed to have an important bearing."

We have endeavored to consider the questions raised by the appellant on the merits but feel that the appellant has not been of great assistance to the Court by his failure to comply with the above cited rule. Not only has the appellant attempted to argue different grounds than those contained in his motion for new trial, but he has failed to apply the cases which he cites to the points raised and to demonstrate their applicability to the argument. This Court will not search the record to find cause for reversal. The burden is upon the appellant to establish error by an affirmative showing in his brief. We will not assume the burden placed upon the appellant by reading the authorities cited and attempting to apply them to the points raised in the appellant's brief, this burden rests upon the shoulders of the appellant and he must discharge it if he is to present any questions to this

Court for consideration. For the reasons above stated the judgement of the trial court is affirmed.

Judgment affirmed.

Faulconer, C. J., Martin and Prime, JJ. concur.

## ON PETITION FOR REHEARING

CARSON, J.—The appellant having filed his petition for rehearing on the 7th day of May, 1965, with proof of service on the appellee and the appellee having filed a motion to dismiss appellant's petition for rehearing with briefs in support thereof on the 2nd day of June, 1965, and the court having considered each of said motions now dismisses the appellant's petition for rehearing for the following reason:

The appellant's petition fails to comply with the provisions of Rule 2-22 of the Supreme Court of the State of Indiana.

Said petition for rehearing is not accompanied by separate briefs. Further, said petition is argumentative and fails to state wherein said decision is thought to be erroneous merely stating conclusions of the appellant. The petition therefore fails to meet the requirements of the said Rule 2-22 and does not meet the propositions covered by the opinion of the court.

Said motion to dismiss appellant's petition for rehearing is therefore sustained and the petition for rehearing is dismissed.

Prime, P. J., Martin and Faulconer, JJ. concur.

NOTE.—Reported in 206 N. E. 2d 152. Rehearing dismissed in 207 N. E. 2d 846.