**Dan SOSA, Jr., Administrator,**

v.

**YOUNG FLYING SERVICE.**

**Civ. A. No. 67–B–19.**

United States District Court

S. D. Texas,

Brownsville Division.

Dec. 28, 1967.

Byrd, Davis & Eisenberg, Tom H. Davis, Austin, Tex., and F. Randall Nye, Jr., Rio Grande City, Tex., for plaintiff.

Cox, Wilson, Duncan & Clendenin, John Wm. Black, Brownsville, Tex., for defendant.

MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION

GARZA, District Judge.

This is a suit for damages brought by the Administrator of the Estates of Felix Garza, Jr., Homero Garza and Tomas Pena, as a result of their having been killed in the crash of an airplane on or about March 27, 1965.

The facts involved in the present litigation are clear, and to a large extent have been stipulated by the parties.

The Defendant, E. O. Young, d/b/a Young Flying Service, was the owner of a Piper aircraft, registration No. N7583W. One James Auld was a duly licensed student pilot who on or about March 24, 1965, rented the aforementioned airplane from the Defendant. On or about March 27, 1965, the said James Auld flew the aforesaid aircraft to a ranch near Hebbronville, Jim Hogg County, Texas, where he picked up Felix Garza, Jr., Homero Garza and Tomas Pena and carried them as passengers in said aircraft to Laredo, Texas. The said James Auld, as a licensed student pilot, could not carry passengers when piloting an airplane. From the ranch near Hebbronville, Texas, Auld and the three passengers flew to Laredo, Texas, and after spending some time in Laredo, they took off again in the airplane. Subsequently their airplane crashed in ranch country in the vicinity of Laredo, Texas, and all four of them were killed.

The parties have filed written stipulations by which it has been stipulated that Dan Sosa, Jr., is the duly appointed administrator of the estates of the three deceased passengers in the airplane; that he is a citizen of the State of New Mexico; that the Defendant Young is a resident of Harlingen, Texas, and is in the business of renting, selling and servicing aircraft; that this suit was brought under the Texas Death Statute, and is a suit in which there is diversity of citizenship, with the amount exceeding $10,000.00, and that this Court has jurisdiction and venue; that the Defendant Young was the owner of the Piper aircraft bearing registration No. N7583W, on March 27, 1965; that the picking up of the passengers by Auld was done without the Defendant's knowledge or consent; that the Defendant Young was not negligent in leasing the aircraft to James Auld; and that the aircraft was in all respects airworthy prior to the crash of March 27, 1965.

The Plaintiff is attempting to establish a standard of absolute liability on the part of owners of airplanes who sell or rent them, basing his contentions on the definition contained in the U.S. Code, 49 U.S.C. Section 1301(26), which

defines "operation of aircraft" as follows:

"(26) 'Operation of aircraft' or 'operate aircraft' means the use of aircraft, for the purpose of air navigation and includes the navigation of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of this chapter."

Because of this provision, the Plaintiff contends that the negligence of Auld can be imputed to the Defendant Young, and that for all practical purposes the Defendant Young was in the pilot's seat with Auld throughout his flying hours.

The Defendant has filed this motion to dismiss for failure to state a cause of action against him, claiming that the definition contained in 49 U.S.C. § 1301 (26) does not apply since the flight which resulted in the death of Auld and his three passengers was entirely intrastate.

Defendant contends that the Texas Aeronautics Act, Vernon's Civil Statutes of the State of Texas, Annotated, Art. 46c–1(i), should be the one to apply, and that that section defines "operation of aircraft" as follows:

"(i) 'Operation of Aircraft' or 'operate aircraft' means flight and use of aircraft for the purpose of air navigation, and includes the navigation or piloting of aircraft."

And that under the Texas statute, as it now reads, there is no absolute liability imposed on the owner of an airplane.

When the Texas Aeronautics Act was first put on the statute books of Texas, the definition of "operation of aircraft" or "operate aircraft" was almost identical with the definition in 49 U.S.C. § 1301(26), and original Art. 46c–1(9) read as follows:

"'Operation of aircraft' or 'operate aircraft' means the use of aircraft for the purpose of air navigation, and includes the navigation or piloting of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of the Statutes of this State."

This is the way the definition read until 1961 when the Legislature passed Article 46c–1(i), quoted above.

It is the contention of the Defendant that the Texas Legislature in 1961 saw fit to amend the definition to drop out the provision which is included in the final sentence of the definition in the U.S.Code, hereinbefore referred to.

The question before the Court, then, is whether or not the Federal Aviation Act of 1958 applies to intrastate flights such as the one ending in the crash giving rise to this suit. The Court has not been cited to any case squarely passing on this point, nor have any been found.

The Plaintiffs are relying mainly on three cases which they say hold that the owner of aircraft engaged in an intrastate flight, is responsible for the acts of the pilot. They are the cases of Hoebee v. Howe, 98 N.H. 168, 97 A.2d 223 (1952); Hays v. Morgan, 221 F. 2d 481 (5 Cir., 1955); and Lamasters v. Snodgrass, 248 Iowa 1377, 85 N.W.2d 622 (1957).

The Defendant argues that these three cited cases are not in point for the reason that in all three of them, a state statute was also involved, which had practically the same definition of "operation of aircraft" which is included in the federal statutes.

A close reading of these decisions, however, shows that the courts in those cases were considering the federal statute and the state statute as one and the same. In fact, in Hays v. Morgan, the defendants urged on the court the application of then 49 U.S.C. Section 524 (now 49 U.S.C. § 1404), which exempts the liability of security owners in aircraft. The Fifth Circuit, in passing on this contention, did not hold that said

section was not applicable because of the intrastate character of the flight, but held that the statute was not applicable for there was not a showing of a lease for thirty days or more.

It would seem to this Court that the Fifth Circuit in Hays v. Morgan, held that particular section applicable to intrastate flights, if applicable; and there is no reason to believe that it would hold Section 1301(26) of Title 49, U.S.C., not applicable to intrastate flights.

The Defendant urges on the Court the proposition that in order for this Court to hold that Section 1301(26) applies to this case, he must declare the Texas Aeronautics Act unconstitutional, and that this the Court should not do without first allowing the State courts to pass on the same, which they have not done up to now. This contention is not well taken.

The present Texas Aeronautics Act is just silent on the question of the liability of the owner under the circumstances in this case, and it does not say that such owner will not be liable; if it did, then this contention would be well taken. In fact, a reading of the entire Texas Aeronautics Act as now existing reflects a definite legislative intention to co-ordinate with, co-operate with, and enforce the laws and regulations promulgated by the Federal Government; it also reflects a conscientious intent to avoid conflict with the provisions of the Federal law.

Article 46c–1(a) reads as follows:

"General. For the purpose of the laws of this state relating to aeronautics, the following words, terms, and phrases shall have the meaning herein given, unless otherwise specifically defined, or unless another intention clearly appears, or unless the context otherwise requires. The singular shall include the plural and the plural the singular. The ordinary meaning of such words, terms, and phrases is presumed to be consistent with the meaning of such words, terms, and phrases as defined by the relevant Statutes and regulations of the United States."

And thereafter follows the definition of "operation of aircraft" or "operate aircraft", 46c–1(i), quoted above.

Whether State or Federal law is applicable to the facts of this case, is not a question of State law to be left exclusively to the State courts. It is a matter of Federal law to be decided by Federal Courts such as ours.

Holding that the Federal Aviation Act would apply to intrastate flights, and that 49 U.S.C. § 1301(26) is applicable, the Defendant's motion to dismiss is denied.

However, I am of the opinion that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and I find that an immediate appeal from this Order may materially advance the ultimate termination of the litigation. I make this finding in accordance with 28 U.S.C. § 1292(b) in order to allow the Defendant to apply for an immediate appeal from this Order under the provisions of said section.

Clerk will send copies of this Memorandum to counsel for the parties.