BARKEY ET AL. *v.* SCHERMERHORN ET AL.

[No. 378A20. Opinion on Merits filed September 23, 1968. See: Page 310 of this volume. Petition for Rehearing filed October 23, 1968.]

*Edgar Grimm* and *Grimm & Grimm*, of Kendallville, and *Howard E. Petersen*, of LaGrange, for appellants.

*Kenneth A. King, Arch N. Bobbitt* and *Ruckelshaus, Bobbitt & O'Connor*, of counsel of Indianapolis, for appellees.

BIERLY, J.—The original appeal in this cause was dismissed by this court on September 23, 1968. See (1968) 143 Ind. App. 310, 240 N. E. 2d 93, 15 Ind. Dec. 350.

On October 8, 1968, the appellants filed their Petition for Reinstatement of Appeal and for Rehearing. Said petition contains a lengthy argument, discussion and citation to authorities and to the respective briefs of the parties. On October 14, 1968, appellees filed "Appellees' Answer to Appellants' Petition for Reinstatement of Appeal and for Rehearing". While we do not consider the petition to be sufficient to warrant our approval, yet we shall comment briefly on its form.

Rule 2-22 of our Supreme Court reads:

". . . REHEARING. Application for a rehearing of any cause shall be made by petition, separate from the briefs, signed by counsel, and filed with the clerk within twenty (20) days from rendition of the decision, *stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs,* but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within ten (10) days after the filing of the petition. Adopted April 17, 1940. Effective September 2, 1940. Amended June 17, 1943. Effective September 6, 1943." (Emphasis supplied.)

This court has held repeatedly that the incorporation of a supporting brief in a petition for rehearing is a sufficient ground for dismissing the petition for failure to conform with Rule 2-22, *supra.*

In *McClain's Estate v. McClain* (1962), 133 Ind. App. 645, 184 N. E. 2d 281, Judge Ax, in deciding this question, quoted an earlier opinion written by Judge Achor of the Supreme Court of Indiana, in *Automobile Underwriters, Inc. v. Smith* (1961), 241 Ind. 302, 171 N. E. 2d 823, wherein he said:

" 'Under the above rule, alleged errors in the opinion, which are assigned as cause or grounds for rehearing, must be supported by a statement which concisely states "the reasons why the decision is thought to be erroneous". Rule 2-22. The rule contemplates that, in this manner, the court shall be aided in its consideration of the petition. Consistent with the purpose of the rule, alleged errors in the opinion, not supported by a concise statement of the reasons in support thereof, are considered waived. However, it is not necessary . . . that such reasons be supported by argument. In any event, however, if such reasons cannot be concisely stated, and it is considered that extensive argument in support of alleged errors in the opinion is desired, such argument must be submitted separate from the petition.' "

We believe Judge Achor's opinion is applicable to the case at bar.

We are of the opinon that the petition for reinstatement of appeal and for rehearing should be denied.

Petition denied.

Pfaff and Smith, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 241 N. E. 2d 82.