BARKEY ET AL. *v.* SCHERMERHORN ET AL. AS THE BOARD
OF COM. OF NOBLE COUNTY, INDIANA

[No. 368A29. Filed September 32, 1968. Rehearing denied October 23, 1968. Transfer denied February 25, 1969.]

*Edgar A. Grimm, Grimm & Grimm,* of Kendallville, and *Howard E. Peterson,* of LaGrange, for appellants.

*Kenneth A. King, Arch N. Bobbitt* and *Ruckelshaus, Bobbitt and O'Connor,* of Indianapolis, for appellees.

BIERLY, J.—The appellees herein, John Shermerhorn, James Stump and Robert Cleland, as the Board of Commissioners of Noble County, Indiana, filed their Motion To Dismiss this appeal on July 11, 1968. Said motion is accompanied by a rather extensive brief in support thereof. The Appellants chose not to file a brief in opposition to the Appellees' motion.

It is the position of the Appellees that said appeal should be dismissed for the reason that the record shows on its face that the Noble Circuit Court did not have jurisdiction over the subject matter of this action because the appeal by the Appellants to the Circuit Court from the actions of the Board of Commissioners was not filed within 30 days from the date of adoption of the disputed resolution.

The resolution in question was a proceeding to incorporate the Town of Rome City, Indiana. Such proceedings are purely

statutory and established in the Acts of 1959, Ch. 240, Sections 48-101, *et seq.*, Burns' 1963 Replacement. Regarding the right of appeal in such matters, section 48-110 of said Act states in part that:

"If the terms and conditions of section 8 [§ 48-109] have been reasonably complied with *an ordinance may be introduced incorporating said town. Such ordinance* shall divide the area of the proposed town into not less than three [3] nor more than seven [7] wards, having due regard for the equitable distribution of the population of the area among said wards and shall appoint a resident inspector for each ward for the purpose of conducting, forthwith, an election of officers for said town in accordance with the laws and procedures for the election of town officials. Thereafter the board of trustees of any town incorporated under the provisions of this act [§§ 48-101—48-110], or under any other act, may, at any time not less than sixty [60] days preceding the election of town officers, redistrict the town in like manner. The procedure for the passage of *the ordinance provided for herein* shall be that procedure which is used to govern the promulgation and passage of ordinances by cities and may be appealed as provided in chapter 245 of the Acts of the Indiana General Assembly of 1933 [§§ 48-4501—48-4509] as the same has been amended or supplemented". (Emphasis supplied.)

The Acts of 1933, Ch. 245, Section 48-4501, Burns' 1963 Replacement which, under the provisions of Section 48-110 above, sets forth the procedure for appealing the action of a Board of County Commissioners incorporating a town, says:

"All appeals now allowed, or which may hereafter be allowed by law from any action or decision of the board of public works or the board of park commissioners of any city, or the common council of such cities wherein it performs the functions of either or both such boards, *or of any other board,* shall be taken by the party appealing, filing in the circuit or superior court of the county wherein such city is located, an original complaint against such city as defendant. *Such complaint on appeal shall be filed within thirty [30] days from the date of the action or decision complained of,* and one [1] or more parties appealing may join in the same complaint.

Such appeals shall not be taken by transcript." (Emphasis supplied.)

That this act applies to appeals from a Board of County Commissioners is clear from the words *"or any other board"*. Further, in addressing itself to a similar question concerning such appeals, our Supreme Court in *Leach v. City of Evansville* (1937), 211 Ind. 444, 7 N. E. 2d 207, held:

> "The context of each section of this act shall be deemed to include any appeals wherever any boards or the common council are mentioned in the statute. When this section is considered in connection with the provisions in the title and body of the act, that it shall apply to *all* appeals, there is no necessity for resorting to rules of construction. The language is plain. There is nothing in the act to indicate an intention to except any appeal of the character described from the inclusiveness of the word 'all,' and, on the contrary, section 9, *supra,* seems to have been deliberately designed to prevent a construction that would permit exception. It must be concluded that the act of 1933 and all of its sections and provisions were intended to provide procedure for all appeals of the character described."

See also, Opinions of the Attorney General 1966, Opinion 23, at p. 163.

Acts 1933, Ch. 245, Sec. 2, Sec. 48-4502, Burns' 1963 Repl., further provides, in pertinent part, as follows:

> "Such city * * * * may file a motion to dismiss the appeal on the ground that the complaint was not filed within the time allowed by law, * * *".

The ordinance in question was passed on July 22, 1966. The Appellants' appeal to the Noble Circuit Court was filed on October 25, 1966, ninety-five (95) days after the passage of the resolution, which is the subject matter of the complaint. Thereafter, upon motion, the Noble Circuit Court dismissed the complaint on appeal as not having been filed within the statutory time allowed.

It is well established law in Indiana, that a statute which provides a remedy of review of administrative orders or decisions and specifies a time of appeal from such orders or decisions, is mandatory as a condition precedent to the acquiring of jurisdiction of such appeals. See *Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646; *Teepe v. Review Board* (1964), 136 Ind. App. 331, 200 N. E. 2d 538; also *State ex rel Public Service Com. v. Marion C. C.* (1961), 242 Ind. 145, 177 N. E. 2d 397; and *White v. Board of Medical Reg. & Exam.* (1956), 225 Ind. 572, 134 N. E. 2d 566.

The applicable statute in this case clearly sets forth the time for such appeals to be within 30 days. The Noble Circuit Court properly dismissed the appeal as not being timely filed. We must do likewise.

Appellees' Motion to Dismiss is granted. The appeal is dismissed with costs as provided by statute.

Cook, P.J., not participating.

Pfaff and Smith, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 93.