ROSS v. APPLE, d/b/a SHERIDAN AIRPORT

[No. 268A16. Filed October 10, 1968. Rehearing denied November 21, 1968. Transfer denied March 4, 1969.]

358

*Earl C. Townsend, Jr., John F. Townsend, John F. Townsend, Jr.,* and *Townsend and Townsend,* of counsel, of Indianapolis, for appellant.

*Harry A. Wilson, Jr., Howard J. DeTrude, Jr.,* and *Kightlinger, Young, Gray and Hudson,* of counsel, of Indianapolis, for appellee.

BIERLY, J.—In June, 1960, the appellant, John Ross, was flown to Cincinnati, Ohio, by one John Brant, a pilot. On the return trip the party met with misfortune and in an attempted take-off from an Ohio farm following an emergency landing, the aircraft crashed and passenger Ross was injured.

The aircraft involved was owned by the appellee herein, Robert Apple, d/b/a Sheridan Airport, and leased to the pilot John Brant. Subsequently, passenger Ross sought damages in an action against both pilot Brant and owner-lessor Apple. This action was venued to the Hendricks Circuit Court of Hendricks County. There the trial court sustained a demurrer by defendant Apple to the plaintiff's second amended complaint, holding that said complaint did not state facts sufficient to constitute a cause of action against the owner-lessor Apple. Upon plaintiff's refusal to plead over, the trial court rendered judgment in favor of defendant, and this appeal followed, alleging error by the court in the sustaining of said demurrer.

Since we shall hold that said complaint did state facts sufficient to constitute a cause of action and that the judgment of the trial court should be reversed as to that ruling, it behooves us to set forth the complaint in question and the demurrer thereto in full. The plaintiff's second amended complaint as amended by interlineation, omitting the caption, reads as follows:

"Comes now the plaintiff, and for his second amended complaint for damages alleges and says:

"1. Defendant Robert G. Apple is engaged in the operation of aircraft doing business under the name of Sheridan Airport near Sheridan, Indiana.

"2. That at all times herein complained of defendant Apple was the owner of a Piper Tri-Pacer 4-passenger airplane, Model PA-22, having a 150 horsepower Lycoming motor.

"3. That defendant Apple for a consideration paid to him or to be paid to him by defendant Brant caused and authorized defendant Brant to operate said airplane at all times hereinafter referred to.

"4. That on June 5, 1960, defendant Brant agreed that plaintiff would ride as a paying passenger in said plane for the sum of $15.00 cash on a round-trip from Sheridan, Indiana to Cincinnati, Ohio on June 11, 1960 and return thereafter.

"5. That plaintiff agreed to pay defendant Brant and paid defendant Brant the agreed consideration for riding in said plane on June 11, 1960, at Cincinnati, Ohio, at Lunken Field.

"6. That after making the trip to Cincinnati's Lunken Field and remaining overnight, defendant Brant started to fly plaintiff back to Sheridan, Indiana, at about noon of June 12, 1960.

"7. That after taking off from Lunken Field defendant Brant flew southeast of Cincinnati instead of northwest and for the purpose of getting his bearings made a landing in a field on the farm of F. W. and D. O. Kibler 1.9 miles east of Mt. Orab in Pike Township, Brown County, Ohio about 1/2 mile southwest of the junction of State Road 74 and New Hope-White Oak Station Road and about 35 miles southeast of Cincinnati.

"8. That after learning his directions defendant Brant attempted to take off at about 1:45 P.M. and fly out of the said field on the Kibler farm near Mt. Orab, but in taking off he piloted said aircraft into a tree, causing plaintiff severe and permanent injuries in the respects hereinafter set forth.

"9. That in the pleadings and at the trial of this case, whenever applicable plaintiff will rely upon the common law and statutes of Ohio, the Federal Civil Aeronautics Act of 1938 as amended, the Federal Aviation Act of 1958 as amended and the Federal Regulations and rules of the Civil Aeronautics Board and Federal Aviation Agency as same were in effect June 5 through June 12, 1960.

"10. That the Federal Civil Aeronautics Act of 1938, 49 U.S.C.A sec. 1301, at all times therein complained of, and insofar as applicable, provided:

'As used in this chapter, unless the context otherwise requires—

(26) "Operation of aircraft" or "operate aircraft" means the use of aircraft, for the purpose of air navigation and includes the navigation of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of this chapter.'

"11. That pursuant to rule making powers properly bestowed upon it the Civil Aeronautics Board and Federal Aviation Agency duly promulgated certain rules governing the operation of civil aircraft in the United States which were in full force and effect at all times herein complained of as follows:

"General Operational Rules, Part 43, 19 F.R. 6370, 43.70

'Operate. Operate means to cause or authorize the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of aircraft.'

"Part 60.1. 'The air traffic rules in this part shall apply to aircraft operated anywhere in the United States...'

"Part 60.10. 'Aircraft shall be operated at all times with the following general flight rules and also in compliance with either the visual flight rules or the instrument flight rules, whichever are applicable. Pre-flight action for flights away from the vicinity of an airport, and for all instrument flights shall include a careful study of available current weather reports and forecasts taking into consideration fuel requirements, (and) an alternate course of action if the flight cannot be completed as planned...'

"Part 60.12. 'Careless or reckless operation. No person shall operate an aircraft in a careless or reckless manner so as to endanger the life or property of others.'

"12. That in the State of Ohio, by statute, the Ohio Department of Commerce is directed and authorized to promulgate rules and regulations for promoting the safety of air flight and it is provided that 'All rules, regulations and amendments thereto, prescribed by the department, shall conform to and coincide with, so far as possible, the Civil Aeronautics Act of 1938. 52 Stat. 973, 49 U.S.C. 401, and acts amendatory thereto, passed by the Congress of the United States, and the air commerce regulations issued pursuant thereto.' Sec. 4561.05 Page's Ohio Revised Code Annotated, 1962 Supplement.

"13. That another section of the Ohio statutes, Page's Ohio Revised Code Annotated, 4561.05, 1962 Supplement provided:

'No person shall operate an aircraft within this state in violation of any air traffic rules in force under the laws of the United States or under sections 4561.01 to 4561.14 inclusive of the Revised Code (of Ohio), and the

rules and regulations of the department adopted pursuant thereto.'

"14. That section 4561.01 of said Ohio statutes, insofar as pertinent, defines 'Aviation' as follows:

'Aviation means transportation by aircraft; operation of aircraft . . .'

"15. That another Ohio statute in full force and effect at the time of the accident herein complained of reads as follows:

'Unsafe operation of aircraft. No person shall commit any of the following acts:

(b) Operate an aircraft on the land or water or in the air space over this state in a careless or reckless manner than [sic] endangers any person or property, or with willful or wanton disregard for the rights or safety of others.'

"Pages Ohio Revised Code Annotated, Sec. 4561.15, 1962 Supplement.

"16.  That defendants and each of them were negligent and careless in the following respects during said flight from Cincinnati:

a) They neglected to make a careful study of available current weather reports and forecasts before taking off from Lunken Field.

b) They neglected to follow their instruments, to-wit: their compass, directional units and radio so as to avoid getting lost and off course.

c) After getting lost they negligently elected to land in said farm field to get directions instead of flying to an airport or getting their directions from an aerial map which defendants had or by use of their radio.

d) They elected to take off from the Kibler farm while the plane was heavily laden with four occupants, and in taking off they negligently lowered the flaps too much, causing the plane to climb too steeply, slowing down its forward speed and causing it to stall.

e) As the plane approached said stall, defendants negligently increased the flaps, raising the nose of the plane instead of lowering it, causing a further decrease of speed, thus negligently maintaining the stall and causing the plane to crash into the tree.

f) They negligently steered the plane directly into a tree.

g) They failed to get up sufficient air speed to keep the craft in flight.

h) That after flying approximately 1/2 hour out of Cincinnati toward Indianapolis they negligently engaged in a violent maneuver known as a 'vertical bank' which caused defendant Brant to get lost and land in the farmer's field with the resulting accident in the take-off.

"17. That as a result of the collision plaintiff has suffered the following injuries, losses and damages:

a) Concussion of the brain.

b) Compound fracture of the right tibia and fibula.

c) Shattering fracture of the right femur.

d) Muscles, ligaments and tissues of the right leg cut and torn.

e) Lacerations of the head and left foot.

f) Bone marrow got into his blood and was carried into his brain.

g) Great pain and mental anguish.

h) Extensive scars on right leg and left foot.

i) Loss of weight.

j) Impaired vision due to optic nerve injury.

k) Nervousness and insominia.

l) He was compelled to employ hospitals and doctors and to buy medicines and devices, and the reasonable values thereof are as follows:

| | |
|---|---:|
| Hospitals | $3,987.16 |
| Doctors | 1,966.00 |
| Nursing | 1,440.00 |
| Ambulances | 123.50 |
| Medicines | 122.05 |
| Crutches and braces | 242.95 |
| | $7,881.66 |

m) He lost his earnings at the rate of $160.40 per week for 64 weeks, totaling $10,265.60.

n) His ability to work and earn a living has been impaired permanently.

o) He will have to lay out reasonable sums in the future for treatment of his injuries, to-wit: $2,000.00.

"18. That all of said injuries, losses and damages were proximately caused by the negligence and carelessness of the defendants and each of them in the respects set forth in rhetorical paragraphs 7, 8 and 16 hereof.

"19. That plaintiff has been damaged thereby in the sum of One Hundred Twenty-Two Thousand Three Hundred Sixty and 26/100 ($122,360.26) Dollars.

"WHEREFORE plaintiff prays for a jury trial, and that he have a verdict and judgment against the defendants and each of them in the sum of One Hundred Twenty-Two Thousand Three Hundred Sixty and 26/100 ($122,360.26) Dollars, costs and all other proper relief."

Thereafter, defendant filed the following demurrer to plaintiff's amended complaint:

"Comes now the defendant, Robert G. Apple, and demurs to the plaintiff's complaint herein, and for ground of demurrer, SAYS:

"That said complaint does not state facts sufficient to constitute a cause of action against said defendant.

"WHEREFORE, this defendant prays that his demurrer be sustained in all things.

"MEMORANDUM IN SUPPORT OF THE DEMURRER

"For memorandum in support of the foregoing demurrer, the defendant, Robert G. Apple, respectfully shows to the court that:

"1. The only rhetorical paragraph of plaintiff's complaint which attempts to establish a relationship showing a duty on the part of the defendant, Robert G. Apple, toward the plaintiff, John S. Ross, is rhetorical paragraph 3 of the plaintiff's second amended complaint, which charges that defendant Apple:

'caused and authorized defendant Brant to operate said airplane'.

"2. The complaint wholly fails to allege any facts showing a relationship of agency, master and servant, employment, or of any other relationship which would establish the Doctrine of Respondeat Superior.

"3. The complaint wholly fails to allege and charge any facts showing a duty on the part of Robert G. Apple toward the plaintiff, John S. Ross.

"4. The complaint wholly fails to show or allege any facts from which an inference may be drawn that the defendant, Brant, was operating 'within the scope of his employment or within the scope of his agency at the time the plaintiff received the alleged injuries'.

"5. The complaint shows on its fact [sic] that the defendant, Apple, was not in the aircraft at any of the times concerned in the plaintiff's complaint.

"6. The complaint fails to show or allege that the defendants were engaged in interstate commerce or were engaged in such activities in intrastate commerce that Federal statutes would govern.

"7. The complaint fails to show any facts whereby any statute of the State of Ohio or the State of Indiana would have any applicability to the defendant, Robert G. Apple."

Subsequently, the Hendricks Superior Court sustained said demurrer, and this appeal followed.

It is fundamental that in ruling on a demurrer to a pleading the pleading party is entitled to have all facts well pleaded, including negligence, construed in his favor by the ruling court; *Marshall, Auditor v. Watkins* (1939), 106 Ind. App. 235, 18 N. E. 2d 954. In the case before us the trial judge has sustained the demurrer because the pleading party failed in his complaint to show or allege an agency relationship between the owner-lessor of the aircraft and the pilot-lessee. However, it is our opinion that the actual issue to be decided is whether that traditional agency relationship is *even necessary under existing Federal and Ohio law* in order to impose liability in such a case.

In a quite similar case, also involving suit by a passenger against the non-pilot owner, the Supreme Court of Iowa reversed the lower court which had sustained a demurrer to the complaint. Quoting *Hoebee v. Howe* (1953), 98 N. H. 168, 97 A. 2d 223, 225, court said:

> "Defendant's motion to dismiss set forth, that the petition . . . wholly fails to state a cause of action against the defendant for the reason that it alleges only, 'He caused and authorized the flight operation by one Joseph E. Wynn. . .' *and fails to allege or claim that the said Joseph E. Wynn acted as agent or employee for the defendant . . .*" (Our emphasis.)

and the court continued:

> "The first question we shall consider is whether the Court's ruling is correct that certain state and federal statutes are a basis for liability of the defendant, Skyhaven, Inc. . . . Each act forbids the violation of any regulation issued under the other. . . . *It seems to us from reading our act that the intent of our Legislature is clearly to place the responsibility on the owner, even though he be without control, for the conduct of one to whom he entrusts the plane. The language is unequivocal and without qualification expressed or reasonably to be implied.* . . . Accordingly we hold . . . casual violation of the state or federal statutes or any rules or regulations by the pilot would make the owner liable." (Their emphasis.) *LeMasters v. Snodgrass* (1957) 248 Iowa 1377, 85 N. W. 2d 622.

The demurrer was thereafter overruled based on considerations of state and federal law. Also, see *Hays v. Morgan* (1955), 221 F. 2d 481. Whether such considerations would demand the same result in Ohio is now the question here. Rhetorical Paragraphs 9 through 16 of the amended complaint clearly state facts sufficient to raise this issue and the plaintiff-appellant should be given an opportunity to introduce his evidence on that point at trial.

The cause is, therefore, remanded to the trial court with instructions to overrule the demurrer, and that defendant be ordered to answer plaintiff's second amended complaint.

Cook, P.J., Pfaff and Smith, JJ. concur.

ON PETITION FOR REHEARING

BIERLY, J.—The initial appeal of this case was decided on October 10, 1968; see *John S. Ross v. Robert G. Apple d/b/a Sheridan Airport,* (1968), 143 Ind. App. 357, 240 N. E. 2d 825, 15 Ind. Dec. 409.

Thereafter, on October 28, 1968, appellee filed his petition for rehearing. No brief of supporting argument accompanied said petition. On November 4, 1968, the appellant filed a motion to dismiss petition for rehearing and a brief in support thereof. In his brief opposing appellee's petition, appellant cites *Sosa v. Young Flying Service* (1967), 277 F. Supp. 554 (S.D., Texas), as additional authority in support of our original opinion.

Appellee's petition contains lengthy quotations from our opinion, citations of authority and arguments of law. Rule 2-22 of the Supreme Court of Indiana says:

"Application for a rehearing of any cause shall be made by petition, separate from the briefs, signed by counsel, and filed with the clerk within twenty (20) days from rendition of the decision, *stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs,* but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within ten (10) days after the filing of the petition." (Emphasis supplied).

This court has consistently held that the commingling of argument with a petition for rehearing is a sufficient ground for dismissing the petition for failure to conform to Rule 2-22. This rule of form has been restated in numerous reported cases; See: *Dorweiler et al. v.*

*Sinks* (1958), 238 Ind. 368, 151 N. E. 2d 142; *Automobile Underwriters, Incorporated v. Smith* (1960), 131 Ind. App. 454, 167 N. E. 2d 882, transfer denied 241 Ind. 302, 171 N. E. 2d 823; *In Re Estate of McClain, et al. v. McClain* (1962), 133 Ind. App. 645, 183 N. E. 2d 842, rehearing denied 184 N. E. 2d 281; *Haas v. Rathburn* (1965), 137 Ind. App. 172, 206 N. E. 2d 389; *Kleinknecht v. City of Evansville* (1965), 137 Ind. App. 345, 206 N. E. 2d 886; *Lakes v. Moore* (1965), 137 Ind. App. 681, 207 N. E. 2d 846; and *Custer v. Mayfield* (1965), 138 Ind. App. 575, 207 N. E. 2d 221. For a very recent restatement of this rule, see *Barkey v. Schermerhorn* (1968), 143 Ind. App. 310, 241 N. E. 2d 82, 15 Ind. Dec. 350. In an earlier case, our Supreme Court held that *reasons* for an erroneous decision contained within a petition for rehearing which are not stated *concisely and separately* from the argument are to be ignored; *Miller, etc. v. Ortman, etc., et al.* (1956), 235 Ind. 641, 136 N. E. 2d 17. (Emphasis supplied.)

In denying transfer in the case of *Automobile Underwriters, Incorporated v. Smith, supra,* the Supreme Court set out Rule 2-22 in its entirety, and commented that:

> "Under the above rule, alleged errors in the opinion, which are assigned as cause or grounds for rehearing, must be supported by a statement which concisely states 'the reasons why the decision is thought to be erroneous.' [Rule 2-22.] The rule contemplates that, in this manner, the court shall be aided in its consideration of the petition. Consistent with the purpose of the rule, alleged errors in the opinion, not supported by a concise statement of the reasons in support thereof, are considered waived. However, it is not necessary, as stated in the *Dorweiler* case, *supra,* that such reasons be supported by argument. In any event, however, if such reasons cannot be concisely stated, and it is considered that extensive argument in support of alleged errors in the opinion is desired such argument must be submitted separate from the petition." (Their emphasis.)

In *Haas v. Rathburn, supra,* appellees filed their petition for rehearing. Appellants filed a motion to dismiss said peti-

tion for rehearing on the ground that said petition failed to comply with the provision of Rule 2-22 of the Supreme Court in that:

" 'Application for a rehearing of any cause shall be made by petition, separate from the briefs * * * *stating concisely the reasons* why the decision is thought to be erroneous.' " (Their emphasis.)

Smith, J., speaking for our court (Bierly, P.J.; Hunter and Mote, JJ. concur), citing *Automobile Underwriters, Incorporated v. Smith, supra*, dismissed said petition for rehearing, stating as follows:

". . . we are forced to hold that appellees' petition for rehearing does not comply with Rule 2-22 and presents no ground for a rehearing. The appellants' motion to dismiss appellees' petition for rehearing is granted.

"Petition for Rehearing dismissed."

Thus, while it is not *required* that the "reasons why the decision is thought to be erroneous" be supported by argument, it *is* required that *if* a petitioning party wishes to so support his petition, said argument must be separate from the petition in the form of a brief. It is well to suggest at this point that while it is quite possible that a given case may require no supporting brief, good judicial and appellate policy tends to encourage their use.

As we have stated, the petition before us has incorporated within it considerable matter which is argumentative and should be included in and the subject of a separate supporting brief.

In *Muniz etc. v. United States et al.* (1958), 129 Ind. App. 433, 155 N. E. 2d 140, rehearing denied 156 N. E. 2d 641, it was said that: "This court on appeal is always reluctant to decide a case upon failure to comply with the rules, but the rules have the force and effect of law and are binding on this court as well as the litigants.

*State of Indiana v. Allison* (1956), 235 Ind. 294, 133 N. E. 2d 469."

In accordance with Rule 2-22, and the line of case law cited herein, we are of the opinion that appellee's petition for rehearing should be denied.

Further, we are of the opinion that in light of our denial of appellee's petition for rehearing, appellant's motion to dismiss appellee's petition for rehearing requires no action by this court.

Petition for rehearing denied.

Pfaff and Smith, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 825. Rehearing reported in 241 N. E. 2d 872.