TAYLOR *v.* INDIANA BELL TELEPHONE COMPANY, INC.

[No. 269A40. Filed September 24, 1970. No petition for rehearing filed.]

*John D. Clouse,* of Evansville, for appellant.

*Douglas B. McFadden* of Indianapolis, *Hyle G. Burke,* of counsel, of Indianapolis, *Fred P. Bamberger* of Evansville, *Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

CARSON, J.—This is an appeal from an action brought by plaintiff-appellant against defendant-appellee to recover damages for personal injuries sustained by appellant.

Subsequent to filing of plaintiff-appellant's original complaint, defendant-appellee filed various motions which the

court consecutively ruled upon. However, the sole contentions of error asserted by appellant pertain to the validity of the court's ruling upon appellee's demurrer addressed to appellant's third amended complaint.

Appellant's third amended complaint alleges, in substance, that appellee was guilty of negligence in the following particulars:

"(a) That defendant knew, or in the exercise of reasonable care should have known, that sand (as referred to in rhetorical paragraph No. 2 herein) washed or fell from its said building upon the sidewalk on Vine Street, but failed to remove the same from said sidewalk.

"(b) That defendant undertook and assumed the duty of cleaning said aforesaid sidewalk, but carelessly and negligently failed to remove all of the sand therefrom."

To this third amended complaint, appellee filed a motion to make more specific, definite and certain, which motion was overruled by the court. Thereafter, appellee filed a demurrer to parts of appellant's third amended complaint, and a general demurrer to appellant's entire third amended complaint for want of facts. Following argument, appellee's demurrers were sustained and the appellant refused to plead over. Pursuant to said refusal the trial court rendered judgment for appellee.

In a timely manner appellant filed the following assignment of errors:

"1. The Court erred in sustaining the demurrer of the appellee to parts of appellant's third amended complaint, in specifications one (1) and two (2) of said demurrer.

"2. The Court erred in sustaining the demurrer (styled General Demurrer by the Court) of the appellee to the appellant's third amended complaint."

This appeal is, therefore, presented to us on the summary of the record hereinbefore set out.

Appellant has grouped both assignments of error under one argument, and they will be treated as such herein. For purposes of testing the complaint for want of facts, all allegations well-pleaded plus those which may be deemed reasonably intended are taken as true. *Marshall, Auditor* v. *Watkins* (1939), 106 Ind. App. 235, 238, 18 N. E. 2d 954; *Walker et al.* v. *Ellis* (1956), 126 Ind. App. 353, 358, 360, 129 N. E. 2d 65 (Transfer denied.) Furthermore, if the complaint states facts sufficient to entitle plaintiff to any relief whatever, it is good as against a demurrer for want of facts. *State ex. rel. City of Loogootee* v. *Larkin* (1941), 218 Ind. 382, 385, 33 N. E. 2d 112.

Appellant's third amended complaint, omitting formal parts, is as follows:

"1. That the defendant is a corporation, organized and existing pursuant to the laws of the State of Indiana, which at all times herein mentioned maintained a building as a place of business at what is commonly known as the corner of Fifth and Vine Streets in the City of Evansville, Indiana.

"2. That sometime before the 15th of October, 1965, the exact time being unknown to plaintiff but known to defendant, the defendant had caused certain work to be done on the exterior of said building, the exact nature thereof also being unknown to plaintiff but known to defendant; but, as a result of which work sand washed or fell from said building upon the sidewalk on Vine Street, adjacent to said building.

"3. That on the said 15th day of October, 1965, and for some time prior thereto, the exact length of time being unknown to plaintiff but known to defendant, the defendant undertook and assumed the duty of cleaning the sidewalks immediately adjacent to its building, including the said sidewalk on Vine Street.

"4. That on said 15th day of October, 1965, the plaintiff had gone to defendant's said place of business to pay a telephone bill, had left the same and was walking on said sidewalk on Vine Street. At a point in front of the defendant's said building, plaintiff slipped on some of said aforesaid sand, and fell to the sidewalk, causing him great injury, as a proximate result of defendant's carelessness and negligence hereinafter set forth.

"5. That plaintiff's fall and resulting injury were the direct and proximate result of each of the following acts of negligence on the part of defendant, to-wit:

(a) That defendant knew, or in the exercise of reasonable care should have known, that sand (as referred to in rhetorical paragraph No. 2 herein) washed or fell from its said building upon the sidewalk on Vine Street, but failed to remove the same from said sidewalk.

(b) That defendant undertook and assumed the duty of cleaning said aforesaid sidewalk, but carelessly and negligently failed to remove all of the sand therefrom.

"6. In said fall proximately caused by defendant's negligence, the plaintiff received a multiple fracture to his right wrist. The plaintiff incurred hospital expenses of Twenty-nine Dollars and Fifty Cents ($29.50) and doctor's fees of Forty-seven Dollars and Seventy-five Cents ($47.75); in addition the plaintiff has continual pain and limited use of his right hand."

The requisite elements for any action in negligence are a duty, breach of that duty and injury as a consequence of the breach. *New York C. and St. L. R. Co.* v. *Mercantile National Bank of Hammond* (1960), 130 Ind. App. 638, 165 N. E. 2d 382. In our opinion the facts alleged in appellant's third amended complaint are sufficient to support the above elements.

Judge Crumpacker, speaking for this court in *Town of Argos* v. *Harley* (1944), 114 Ind. App. 290, at 302, 49 N. E. 2d 552 (Transfer denied), cited the Arizona case of *Cummings* v. *Henninger* (1925), 28 Ariz. 207, 236 Pac. 701, 41 A. L. R. 207, which enunciates the common law rule governing abutting owner's responsibility to keep sidewalks in repair, as follows:

" 'The general rule is that no common law duty rests upon the owner or occupant of premises abutting on a public street to keep the sidewalks in repair; consequently such an abutting owner is not liable for a defect in a sidewalk in front of his premises which he did not create.' "

However, Judge Crumpacker further stated the following exception to the general common law rule:

"*If, however, for his own purpose, use and convenience he creates such a defect, or through his own negligence, independent of that of the municipality, he creates a condition in the sidewalk which is dangerous to ordinary travel, he becomes primarily liable for any injury caused thereby.*" (Emphasis supplied.)

In the case before us, the presence of the sand on the sidewalk was a result of appellee's efforts to enhance the appearance of its building and under such circumstances the condition created by the sand might place appellee under the exception stated in *Town of Argos* v. *Harley, supra*. It follows that for purposes of this particular appeal we could reasonably infer, from the allegations of appellant's third amended complaint, that appellee breached its duty as set out under the theory presented in *Town of Argos* v. *Harley, supra,* and that such breach of duty was the proximate cause of appellant's injuries.

For the foregoing reasons we are of the opinion that appellant's third amended complaint did state facts sufficient to constitute a cause of action. The judgment of the trial court should be reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded with instructions.

Lowdermilk, ·C.J., Cooper* and Sullivan, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 399.

---

* While Judge Cooper participated in a conference of the Judges, and concurred in this opinion, his untimely death occurred before the filing of this opinion.